## The Chicago and Northwestern Railway Company
### *v.*
### George Smith.

*Filed at Ottawa June 13, 1896.*

Appeals and Errors—*when Supreme Court will not weigh evidence.*
Refusal to give a peremptory instruction for defendant, in an
action on the case coming through the Appellate Court, will not
reverse on appeal, where plaintiff's evidence tends to establish one
count of his declaration, although an examination of the record
leaves the Supreme Court in grave doubt as to whether any judg-
ment should have been rendered against the defendant.

*Chicago and Northwestern Ry. Co.* v. *Smith,* 59 Ill. App. 242, affirmed.

Appeal from the Appellate Court for the Second Dis-
trict;—heard in that court on appeal from the Circuit
Court of Kane county; the Hon. Henry B. Willis,
Judge, presiding.

Appellee filed his declaration in the circuit court of
Kane county in an action on the case, against appellant,
to recover for injuries sustained by him while alighting
from one of appellant's trains at its station at North Au-
rora. The declaration contains a number of counts, but
the only questions we are called upon to consider arise
on one particular count charging that appellant negli-
gently permitted its platform at its station to become
and remain icy, slippery and unsafe, whereby appellee
unavoidably fell between the platform and rail, resulting
in the loss of one finger and other injury to his hand.

Appellee's testimony before the jury in the trial court
was to the effect, that on arriving at his station after
dark he left the smoking car and attempted to step to
the depot platform; that he took one step, when he slip-
ped and fell under the train; that he caught hold of the
rail on the opposite side of the track and drew himself
out on that side, but meanwhile his hand was run over.

Considerable evidence was produced showing conflicting statements made by appellee to the physician and other parties as to the manner of his injury, and a written statement made by him to the claim agent of appellant, all of which was contradictory, in many respects, to his testimony before the jury.

On the trial of the case the jury returned a verdict for $1000, on which motion for new trial was denied and judgment rendered by the circuit court. On appeal to the Appellate Court for the Second District this judgment was affirmed, to reverse which this appeal is brought.

Botsford & Wayne, for appellant.

Hopkins, Thatcher & Dolph, and N. J. Aldrich, for appellee.

Mr. Justice Phillips delivered the opinion of the court:

But one question is presented or seriously urged for the consideration of this court as a reason for the reversal of the judgment in this case. At the close of the evidence defendant below requested the court to instruct the jury that the evidence in the case was not sufficient to maintain the plaintiff's cause of action, and they should find for the defendant. The refusal of the court to give this instruction is assigned as error.

The rule may be considered as well and clearly settled in this State, that where there is evidence tending to establish the facts necessary and sufficient to sustain a verdict it is not error to refuse a peremptory instruction to find for defendant. (*National Syrup Co.* v. *Carlson,* 155 Ill. 210; *New York, Chicago and St. Louis Railroad Co.* v. *Luebeck,* 157 id. 595; *Chicago and Alton Railroad Co.* v. *Heinrich,* id. 388.) The evidence of plaintiff did tend to establish the facts necessary and sufficient to support one count of his declaration. It is not the province of this court to deal with questions involving the preponderance of the

evidence or the credibility of witnesses, nor can we consider the force to be given to evidence which is only of an impeaching character.

Counsel for appellant, while conceding the rule to be as above stated, urge that this case forms an exception to that general rule. While it is true a careful and thorough examination of all the facts in this record leaves us with grave doubts as to whether any judgment should have been rendered against this appellant, yet we find in the record nothing which would exclude the case from the application of this rule, by which we are precluded from an examination of questions which are settled in other courts.

There are no errors of law in this record which would call for a reversal of this judgment, and the judgment of the Appellate Court is accordingly affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT took no part in the decision of this case.