**Max Simon, Appellee, v. South Side Elevated Railroad Company, Appellant.**

**Gen. No. 15,463.**

PASSENGER AND CARRIER—*what question of negligence for jury.* Whether a carrier is guilty of negligence in permitting the platform of one of its cars to become slippery, *held*, under the evidence in this case, to be a question of fact to be determined by the jury from all the facts and circumstances shown.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 5, 1911. Rehearing denied May 19, 1911. *Certiorari* denied by Supreme Court (making opinion final).

JUDAH, WILLARD, WOLF & REICHMAN and WILLIAM H. HAIGHT, for appellant; CECIL PAGE, of counsel.

EDWARD MAHER and H. E. WYNEKOOP, for appellee; MORSE IVES, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the appellee against the appel-

lant for injuries sustained on a platform of its railroad, on May 3, 1907, at what was known as Center avenue and Sixty-third street station. The accident happened shortly before seven o'clock in the evening.

The testimony of the plaintiff was that in getting off a train he walked slowly toward the exit stairway and that when about three feet from the stairway he slipped and fell, striking his right hip, which resulted in an impacted fracture of the neck of the femur. It was a stormy day, unusually cold for that time of the year. The testimony of the plaintiff tended to show that the snow began to fall in the morning and that it continued to fall during the day until after the accident happened; that there were snow and ice of about two or three inches in thickness upon the platform.

On the part of the appellant it was shown by the officer in charge of the United States Weather Bureau that the snow began to fall at 3:34 P. M.; that it was slushy snow and melted as it fell; that up to seven o'clock only eight-tenths of an inch had fallen, and that it melted so rapidly that only two-tenths of an inch remained on the ground.

While the appellee claimed there was ice upon the platform, it is probable from all the testimony, which showed among other things that it had been warm for several days previously, that the platform was covered with snow and slush and not with ice.

At this station there were two platforms, each about eight feet wide and one hundred and fifty feet long. A dispatcher for the appellant testified that one porter had the duty of cleaning and sweeping the platforms and the steps; that he used a snow broom and swept the south platform, where the accident occurred, perhaps an hour before the accident.

We think there is no question as to the appellant's duty in the premises. In Hutchinson on Carriers, section 935, it is said:

"Thus it is negligence on the part of a railroad com-

APPELLATE COURTS OF ILLINOIS.

pany to permit its platforms to remain covered with snow and ice, so as to be unsafe for passengers alighting from trains. The railway company ought to remove it or, if that cannot be done, to take precautions against injury to persons passing over the platforms by covering them with ashes, salt or some substance which would render them less dangerous." Citing Railroad Co. v. Smith, 162 Ill. 185.

In the case of Illinois Central Railroad Co. v. Keegan, 210 Ill. 150, the court held the following charge to the jury to be proper:

"The defendant is bound to be on the alert during cold weather, and to see whether there is ice upon the platform and to remove it, or make it safe by sanding it or putting ashes upon the platform or in some other manner."

Whether the platform became slippery from snow or slush or ice is not particularly material. Timpson v. Manhattan Ry. Co., 52 Hun 489.

In our opinion, the trial court did not err in refusing to direct a verdict for the defendant. The court gave to the jury ten instructions as requested by the appellee, and thirty-two requested by the appellant, and no error is alleged as to its action in that regard. The jury found a verdict of $2,000, upon which judgment was awarded. We do not regard this as excessive.

*Affirmed.*