SAMANTHA E. CRAIG, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

**St. Louis Court of Appeals, June 24, 1913.**

1. **CARRIERS OF PASSENGERS: Street Railways: Duty of Carrier: Inspection of Cars.** While a common carrier of passengers is not an insurer of the safety of its passengers, and is not required to continuously inspect its cars while in transit, if it inspected them carefully before starting, yet it is required to exercise a high degree of care at all times for the safety of its passengers, and the question of whether it discharged that duty in any given case is to be determined with reference to the facts of that case.

2. ————: ————: ————: ————: **Ice on Car Step.** The relation of carrier and passenger continues until the passenger has alighted from the car, and the carrier is, therefore, required to exercise a high degree of care toward keeping the steps by which passengers alight free from ice, mud and snow.

3. ————: ————: **Injury to Passenger: Ice on Car Step.** In an action against a street railway company for injuries sustained by a passenger as a result of slipping upon and falling from an ice-covered step, by means of which she was endeavoring to alight from the car, *held* that the mere fact that plaintiff testified that she did not notice any ice on the step when she boarded the car, fifteen minutes before, would not prevent a recovery by her, since it is clear, under the evidence, that there may have been ice on the step at that time and she not have noticed it.

4. **TRIAL PRACTICE: Demurrer to Evidence.** In determining whether a verdict should be directed for defendant, it is the duty of the court to reject all inferences in favor of defendant and to allow all of them in favor of plaintiff.

5. **CARRIERS OF PASSENGERS: Street Railways: Duty of Carrier: Ice on Car Step.** The extraordinary degree of care imposed upon carriers of passengers requires the removal of ice and snow from the steps of its cars—in some cases, even en route; and especially is this true where ice or snow is being deposited upon the steps and is rapidly freezing while the car is in transit.

6. **TRIAL PRACTICE: Credibility of Witnesses: Undisputed Testimony.** The fact that the testimony of a witness is uncontradicted does not give such testimony the force of an admission, but it is to be submitted to the jury for a determination as to what weight and value shall be accorded to it.

7. **CARRIERS OF PASSENGERS: Street Railways: Injury to Passenger: Ice on Car Step: Sufficiency of Evidence.** In an action against a street railway company for injuries sustained by a passenger as a result of slipping upon and falling from an ice-covered step, by means of which she was endeavoring to alight from the car, *held* that there was evidence from which the jury could infer that the ice was on the step when the car started on the trip, and hence it is *held* that the question of whether defendant was negligent was for the jury.

8. ——: ——: **Duty of Carrier: Ice on Car Step.** A street railway company would not be liable to a passenger who slipped on the ice-covered step of a car while endeavoring to alight, where the conductor cleared the step immediately before the car was started on a fourteen-minute trip and the ice upon which the passenger slipped was deposited on the step while the car was in transit, through the passage of passengers over it, and the operatives of the car did not know of this condition and could not have discovered it by the exercise of a high degree of care.

9. ——: ——: **Injury to Passenger: Ice on Car Step: Instructions.** In an action against a street railway company for injuries sustained by a passenger as a result of slipping upon and falling from an ice-covered step, by means of which she was endeavoring to alight from the car, defendant introduced evidence tending to show that its conductor removed the ice and slush from the step before the car was started on the trip and that the ice and slush that caused plaintiff to fall were deposited on the step by disembarking passengers, while the car was in transit, and that the operatives of the car had no knowledge thereof. The court charged the jury, at the instance of plaintiff, that if they found that defendant failed to exercise the utmost care, and that, by reason thereof, ice and slush were allowed to remain on the step, as a result of which plaintiff fell and was injured, their verdict should be for her. *Held*, that although the instruction was erroneous for ignoring defendant's

evidence respecting the manner in which the ice and slush were deposited on the step and for seemingly authorizing a verdict for plaintiff, if defendant's servants failed to exercise the utmost care with respect to the step, even though its dangerous condition arose solely during transit and such servants had no notice thereof, yet the error was cured by an instruction given for defendant, which specifically charged that plaintiff could not recover if the jury found that the step was cleared before the trip was begun and that the dangerous condition resulted from deposits on the step while the car was en route.

10. **INSTRUCTIONS: Construction: Charge Considered as a Whole.** The instructions given in a case are to be read together, and, if not inconsistent, an instruction in general terms, but of proper scope, may be aided by another, so as to dispel its otherwise baneful influence.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

AFFIRMED.

*Boyle & Priest, Paul V. Farley* and *Chauncey Clarke* for appellant.

(1) In the absence of proof, negligence will not be presumed against appellant from the mere fact that the respondent may have been injured, as carriers are not insurers of the safety of their passengers. Van Cleve v. Railroad, 107 Mo. App. 96; Palmer v. Railroad, 111 N. Y. 488; Kelly v. Railroad, 112 N. Y. 443; Fearn v. Ferry Co., 143 Pa. 122; Proud v. Railroad, 64 N. J. L. 702. (2) The court committed error in giving instruction number one for the plaintiff, for, since it entirely ignores the element of time, the jury was given a roving commission whereby they could find appellant negligent, even though the slush and ice whereon respondent slipped and fell were deposited by a stranger immediately before respondent slipped and fell thereon, and before appellant's servants could have known thereof, by the exercise of due care. Van Cleve v. Railroad, 107 Mo. App. 101; Proud v. Railroad, 64 N. J. L. 702. (3) Instruction number two given for

the plaintiff is erroneous for the following reasons: (a) Although the court attempted to define the circumstances necessary to make respondent contributorily negligent, under the instruction as given, respondent could never be contributorily negligent in the absence of actual notice of danger brought home to her. As she could be contributorily negligent through the failure to exercise due care, even though actual notice be not brought home to her, the court committed error by giving this instruction. Van Cleve v. Railroad, 107 Mo. App. 96; Palmer v. Railroad, 111 N. Y. 488. (b) The court assumes that the step was in a dangerous condition, when this was a disputed point. Wilson v. St. Joseph, 139 Mo. App. 564; Glaser v. Rothschild, 221 Mo. 204.

*S. C. Rogers* for respondent.

(1) The court did not err in overruling the appellant's demurrer to the evidence. It is the duty of the appellant to see that its car step is free from mud, slush and ice where a passenger would be likely to slip upon it, and that is a question for the jury. Barr v. City of Fairfax, 156 Mo. App. 295; Waldopfel v. Transit Co., 102 Mo. App. 524; Simon v. Railroad, 161 Ill. App. 502; Nelliss, Street Surface Railroads, page 429; Gilman v. Railroad, 168 Mass. 454; Neslie v. Railroad, 113 Pa. 300; Railroad v. Cockerell, 17 Ky. L. Rep. 1037; Foster v. Railroad, 182 Mass. 378; Walton v. Ins. Co., 162 Mo. App. 316; Railroad v. Gresham, 140 S. W. (Tex.) 483; Rosen v. Boston, 187 Mass. 245; Parker-Washington Co. v. Dennison, 155 S. W. 797; Beale v. Railroad, 155 S. W. 853; Walker v. Railroad, 155 S. W. 895; Weston v. Railroad, 73 N. Y. 595; Timpson v. Railroad, 52 Hun 489; Railroad v. Keegan, 210 Ill. 150; Railroad v. Smith, 162 Ill. 185; 2 Hutchinson on Carriers (3 Ed.), p. 1054, sec. 935; 2 Shearman & Redfield on Negligence (5 Ed.), p. 917, sec. 506. The appellant owed respondent the highest degree of care. Haas

v. Railroad, 128 Mo. App. 79; Schiller v. Breweries Co., 156 Mo. App. 569. Appellant is responsible for the slightest negligence. Fillingham v. Transit Co., 102 Mo. App. 573; Reynolds v. Railroad, 162 Mo. App. 618; Deskins v. Railroad, 151 Mo. App. 432; Reardon v. Railroad, 215 Mo. 105. (2) The court did not err in giving instruction number 1 for plaintiff. Senf v. Railroad, 112 Mo. App. 74; Fillingham v. Transit Co., 102 Mo. App. 573; McKinstry v. Transit Co., 108 Mo. App. 12; Reardon v. Railroad, 215 Mo. 105; Walton v. Insurance Co., 162 Mo. App. 316; Logan v. Street Railway, 183 Mo. 582; Waldopfel v. Transit Co., 102 Mo. App. 524; Haas v. Railroad, 128 Mo. App. 79; Gilman v. Railroad, 168 Mass. 454; Foster v. Street Railway, 182 Mass. 378; Anjou v. Railroad, 208 Mass. 273; Rosen v. Boston, 187 Mass. 245; McGuire v. Transit Co., 104 N. Y. App. Div. 105; Murphy v. Railroad, 80 Atl. 331; Railroad v. Park, 96 Ky. 580; Railroad v. Gresham, 140 S. W. 483; Hebert v. Railroad, 85 Minn. 341; Nellis, Street Railroad Accident Law, page 63; Nellis on Street Surface Railroads, page 429; 1 Nellis on Street Railways (2 Ed.), p. 565, sec. 288; 2 Joyce on Electric Law, p. 887, sec. 545b; Booth on Street Railways (2 Ed.), p. 544, sec. 332; Smithers v. Railroad, 67 Atl. (Del.) 167. (3) Instruction No. 2 given for the respondent is not erroneous. (a) No contributory negligence is pleaded. Cain v. Wintersteen, 144 Mo. App. 1. (b) The court does not assume that the step was in a dangerous condition. This instruction correctly declares the law. Fullerton v. Fordyce, 121 Mo. 1, 144 Mo. 519; 2 Hutchinson on Carriers (3 Ed.), p. 1054, sec. 935; Hulbert v. Railroad, 40 N. Y. 145. (c) Compare this instruction with instruction Nos. 3 and 6 given for appellant. It is not erroneous. Papineau v. Brick & Coal Co., 153 S. W. 1076.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries through the

alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Defendant, an incorporated company, is a common carrier of passengers in St. Louis. Plaintiff boarded one of its street cars operated on the Hamilton Avenue Line, at Wellston, paid her fare and took passage to the car barns at DeBaliviere and Delmar avenues, where she contemplated transferring to another line for her home. The conveyance was one of those known as a "pay-as-you-enter car." In street cars of this pattern, one enters by means of a step and platform in the rear of the box, where the conductor is stationed to collect fares; but the rear exit of such cars is through another door beside the conductor's box and by means of a step adjacent, though distinct from that on which the entrance is made.

Plaintiff remained in the car, after entering it at Wellston, until it reached the terminus and entered the barn, where she undertook to alight therefrom, to the end of going upon another car on defendant's Creve Coeur Line. The date was February second and the time about five fifteen in the evening. It is said that darkness prevailed, though the lights in the car and car barn were aglow. Upon the stopping of the car in the barn, the conductor opened the door for the exit of passengers, and passed out to the company's office, immediately preceding plaintiff in alighting therefrom. Plaintiff passed from her seat in the car through the usual exit so opened by the conductor, and, as she placed her foot upon the step furnished for that purpose, she slipped and fell, to her injury, which appears to be a serious and probably a permanent one. Plaintiff's fall was occasioned by the accumulation of slush and ice and mud on the step provided for the exit of passengers.

It appears that considerable snow had fallen during the early morning of that day, but the storm had ceased before noon. Thereafter the sun shone brightly,

and the snow melted for a time, so as to become slushy; but late in the afternoon, the weather became colder and freezing, and ice formed because of that fact. Plaintiff says she observed neither mud nor slush nor ice on the rear step of the car as she entered it at Wellston, and, indeed, observed none as she passed out of the exit until after she had slipped off of the step and fallen to the ground below. However, immediately after slipping upon the step and falling, plaintiff turned about and saw the accumulation of slush, ice and mud on the step which conduced to precipitate her forward to her injury. The trip from Wellston to defendant's car barn where plaintiff slipped and fell is a short one and consumes but fourteen minutes in transit.

For defendant, the evidence tends to show that the particular car in question operated only between these two points, and that the steps were inspected at either end of the line and cleaned before returning. The conductor testified that he had the steps of the car well cleaned of the accumulated slush and snow about fifteen minutes before plaintiff's fall therefrom and immediately before starting from Wellston where she boarded it. Because of this testimony and because plaintiff said she observed no slush or ice on the step in the rear of the conductor's box where she entered, upon boarding the car at Wellston, it is argued the court erred in declining to direct a verdict for defendant. The argument proceeds on the theory that a common carrier of passengers discharges the full measure of its duty by inspecting its appliances immediately before starting on the trip and removing slush or accumulated ice from the steps of the car at that time.

It is true that a common carrier of passengers is not an insurer of their safety, and it is true, too, that the law does not cast upon such carrier the obligation of a continuous inspection of its cars while in transit, if it has made a careful one before starting. But though such be true, the obligation which the law does

annex to the calling is to exercise high care at all times for the safety of passengers, and the question in judgment is, of course, to be determined with reference to the duty thus imposed and the consideration is to be had with reference to the facts of the particular case. The relation of passenger and carrier certainly continues until the passenger has alighted from the car. [See Fillingham v. St. Louis Transit Co., 102 Mo. App. 673, 77 S. W. 314.] Therefore, the obligation of high care obtains with respect to the safety of the steps provided for the exit of passengers and enjoins the duty upon the carrier to be alert toward keeping them free from ice, snow and mud which may occasion an injury. [See Timpson v. Manhattan Ry. Co., 59 Hun (N. Y.), 489; Gilman v. Boston & Maine Railroad, 168 Mass. 454; Simon v. South Side, etc., R. Co., 161 Ill. App. 502; Nellis, Street Rys. (2 Ed.), sec. 288.]

The mere fact that plaintiff said she noticed neither mud nor slush nor ice upon the step as she boarded the car at Wellston is not conclusive against her right of recovery, for the reason that she did not enter over and employ the step from whence her exit was made and on which it appears ice, slush and mud had accumulated. It is true the two steps are adjacent and, indeed, formed by utilizing a continuous running board on the same level for both. Nevertheless they are separate and distinct, in that each accommodates a different use or compartment, as the one for ingress and the other for egress of passengers. Even though such be true, upon the hurry incident to one entering a street car over the rear step and rear platform around the conductor's box to the door provided for the ingress of passengers on these new carriages known as the "pay-as-you-enter cars," it is not at all probable that careful observation will be made with respect to the condition of the adjacent step provided for the passengers in course of exit from the same car. One's thought is usually sufficiently occupied in making

observation concerning the step in use in the course of entry alone without more. Such would seem to be the *dicta* of human experience touching the matter. This being true, it may be the fact, as well, that slush and ice were then accumulated on the step on which plaintiff slipped and received her fall fifteen minutes afterwards at the car barns, and she not having observed it.

It appears that some ten or twelve passengers alighted from the car at different places during the fourteen minutes consumed in transit from Wellston to the car barn, and while the evidence is not clear with respect to the matter, it is said in the brief that they passed through the identical exit and over the step on which plaintiff afterwards slipped. Because of this and because of the fact that the conductor stated he removed the slush and ice before the car left Wellston, it is urged that no recovery may be allowed, for the reason such slippery accumulations as were on the step when plaintiff fell were obviously deposited there from the shoes of the passengers so passing out before her. It is, no doubt, true that the evidence affords an inference of fact in favor of defendant to the effect suggested, but, in dealing with the question of a peremptory instruction acquitting all liability to respond for an injury, such inferences may not be utilized against the injured party. [See Buesching v. St. Louis Gaslight Co., 73 Mo. 219.] Indeed, on this question it is the duty of the court not only to dispel fair inferences in favor of the defendant, as though they were rejected by the jury, but to allow all of them in favor of plaintiff, in aid of the verdict, as if utilized by that tribunal on the trial. Thus viewed, there is no evidence whatever that mud or slush or ice were deposited on the step by the passengers who passed out over it before plaintiff, and it may be that none was upon their shoes to deposit there. It is certain we may not infer it.

Though it may be true that, after having cleaned the step at starting, defendant is not required to keep

up a continuous inspection while the car is en route from one end of the line to the other, it is true too that the obligation of high care attends it at all times while engaged in the pursuit of the calling of a common carrier of passengers. If it conclusively appeared—that is, as though admitted—that the slippery substance on the step of the car was deposited there by the passengers passing out, as suggested in the argument, that those in charge of the car were not aware of it, and that none of it was present before the car started from Wellston, it may be that no liability should be declared against defendant for its omission to stop the car and remove it en route. [See Vancleve v. St. Louis, M. & S. E. R. Co., 107 Mo. App. 96, 80 S. W. 706; Proud v. Philadelphia & Reading R. Co., 64 N. J. L. 702.] But even then the question of defendant's observance of the obligation of high care would, no doubt, turn upon the showing with respect to the notice the employees had of such deposits, the probable danger in the situation, etc., for it is not to be doubted that the extraordinary degree of care imposed upon such carriers requires the removal of ice and snow from the steps of the car, in some cases, for the safety of passengers, even en route. Especially is this true in cases where a substance is being deposited upon the steps and rapidly freezing because of the extreme cold during the transit. The obligation of high care is to be considered in connection with the circumstances of the case, and, as prudent persons, those in charge of the car are deemed in law as anticipating serious results from such freezing weather when such deposits are known to be on the steps. [See Haas v. St. Louis & S. F. R. Co., 128 Mo. App. 79, 106 S. W. 599; Weston v. The New York El. R. Co., 73 N. Y. 595.]

But be all of this as it may, the evidence is that there was slush and mud and ice on the step when plaintiff passed out of the car and that she slipped thereon

and was precipitated to her injury because of it. This being true, it was competent for the jury to find that the deposit of slush and mud was made even before the car departed from Wellston, for the fact of freezing alone and thus producing ice indicates it was present on the step for some considerable time. The car had left Wellston but fourteen minutes before, according to all of the evidence, and it is entirely clear that the jury were authorized to infer from this that the slush and mud were then present and not removed from the step before leaving Wellston or else the freezing would not have occurred. [See Gilman v. Boston & Maine Railroad, 168 Mass. 454; Simon v. South Side, etc., R. Co., 161 Ill. App. 502.] The mere fact that defendant's conductor testified that he removed the slush and mud from the step at Wellston and cleaned it with care is of no avail here, and this is true though such evidence was uncontradicted by other witnesses at the trial. Of course, if such were an admitted fact in the case, another question would arise. But the mere fact that the testimony of a witness is uncontradicted does not place the fact concerning which he speaks in the category of an admission and conclude it as a proposition conceded to be true. Such testimony, though uncontradicted, is, nevertheless, merely evidence for the jury, for it is within the exclusive province of that tribunal to pass upon the credibility of the witnesses and determine the weight and value to be given to their testimony. [See Gannon v. Laclede Gaslight Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907.] The court did not err in refusing to direct a verdict for defendant, and the case is a proper one for the jury.

Plaintiff's first instruction is as follows:

"If you believe from the evidence that plaintiff was on or about the 2nd day of February, 1909, a passenger on one of defendant's Hamilton avenue cars, then it was the duty of the defendant to exercise toward her the utmost care, skill and vigilance to carry her

safely to her destination, and also upon her arrival there, to provide a step which was reasonably safe and suitable for plaintiff to alight therefrom; and if you further believe from the evidence that the agents and servants of defendant in managing said car failed to exercise the utmost care, skill and vigilance, and that by reason thereof, ice and dirt were allowed to remain on said steps, and that said step thereby was not a reasonably safe and suitable step for plaintiff to alight, by the use of care and caution on her part, and that when said car was stopped at plaintiff's designation and that in alighting from said car, by reason of the ice and dirt on said step, plaintiff fell and was injured, your verdict will be for the plaintiff, providing at the time of said injury, plaintiff was exercising ordinary care and caution under the circumstances for her own safety.''

It is urged this instruction is too general in character; that is to say, that it authorized a verdict for plaintiff even though the jury may have believed the conductor removed the slush and ice from the step immediately before the car departed from Wellston and that the accumulation there was from the feet of passengers disembarking, without notice of the deposits to those in charge, while the car was en route. The instruction is general in character and omits to reckon with the facts in evidence as it should. Indeed it ignores evidence favorable to defendant. If the jury should believe the conductor cleaned the step immediately before leaving Wellston and that such accumulations of slush, mud and ice thereon which occasioned plaintiff's injury on arriving at the car barns were deposited en route, through the exit of passengers over it, and those in charge of the car were not apprised of the deposit on which the extreme cold operated during the fourteen minutes in transit, it is clear defendant should be acquitted of fault—that is, if those in charge of the car, though exercising high care, failed to

observe and correct the condition. [See Vancleve v. St. Louis, M. & S. E. R. Co., 107 Mo. App. 96, 80 S. W. 706; Proud v. Philadelphia & Reading R. Co., 64 N. J. L. 702.]   The instruction omits to reckon with the evidence touching this phase of the case and through ignoring it seems to authorize a recovery in any event, if defendant's servants managing the car failed to exercise the utmost skill in respect of the step, though they had no notice of its dangerous condition, which may have accrued solely in transit.   In this respect it is insufficient, though it is not inconsistent with those given for defendant.   But by instruction No. 4 given on the part of defendant, its general character was fully supplemented and rendered immune from successful attack.   The instructions are to be read together, and, if not inconsistent, one in general terms, but of proper scope, may be aided by another so as to dispel its otherwise baneful influence.   By defendant's instruction the jury were told that in no event could a recovery be had by plaintiff if it believed the step was cleaned at Wellston and the dangerous condition resulted from deposits thereon while the car was en route.   As defendant's instruction was so pointed and definite, and, indeed, so extremely favorable, even more than the law allowed to it with respect to this matter, it cannot be said that prejudicial error appears when the two are read together.   [Meadows v. Pacific Mut. L. Ins. Co., 129 Mo. 76, 97, 31 S. W. 578; Jackson v. W. U. Tel. Co., 174 Mo. App. 70, 156 S. W. 801.]

A point is made against plaintiff's third instruction but we do not regard it of sufficient merit to warrant discussion.   No prejudicial error appears and the judgment should be affirmed.   It is so ordered.   *Reynolds, P. J.,* and *Allen, J.,* concur.