(81 South. 22)

HAMMETT v. BIRMINGHAM RY., LIGHT & POWER CO. (6 Div. '692.)

(Supreme Court of Alabama. Nov. 21, 1918. Rehearing Denied Jan. 16, 1919.)

1. CARRIERS ⊙〰303(6)—PASSENGERS—PLACE FOR ALIGHTING.

It is the duty of a street railroad carrier to provide a reasonably safe place for the landing of its passengers.

2. CARRIERS ⊙〰303(6)—PLACE FOR ALIGHTING —MOTORCYCLES.

The rule as to providing safe place for alighting has no reference to independent agencies operating in the street such as a motorcycle.

3. CARRIERS ⊙〰343 — PLEA — CONTRIBUTORY NEGLIGENCE.

In passenger's action for injuries, plea that plaintiff negligently stepped from the street car into the way of a rapidly approaching motorcycle without looking or listening held sufficient.

4. NEGLIGENCE ⊙〰62(1) — PROXIMATE CAUSE —INTERVENING AND EFFICIENT CAUSE.

An act of defendant, but for which an accident would not have happened, is not the proximate cause of such accident, if other acts, for which defendant is not responsible, intervene between defendant's act and the accident, and are the efficient cause of the accident.

5. APPEAL AND ERROR ⊙〰1064(4)—HARMLESS ERROR—INSTRUCTIONS.

Judgment founded upon verdict of a jury will not be reversed for a slight departure from critical accuracy in the analysis of some conception which the court has stated to the jury correctly in general.

6. CARRIERS ⊙〰303(9)—SETTING DOWN PASSENGERS—INJURIES CAUSED BY THIRD PERSONS.

In the absence of special circumstances, the carrier's full duty is performed when the passenger is safely deposited on the ground, and it cannot be held liable because afterwards the passenger walks into danger or harm overtakes him by reason of the intervention of an independent agent.

7. CARRIERS ⊙〰320(27)—PASSENGERS—STOPPING AT OTHER THAN REGULAR PLACE— JURY QUESTION.

It is not negligence per se to stop a street car 50 or 75 feet from the regular stopping place, unless the car operatives know, or should know, of some fact making it dangerous for passengers to alight there.

8. TRIAL ⊙〰256(12)—NECESSITY OF DEFINING TERMS.

In personal injury action, that possibly defendant's charge might have been refused without error because it failed to define "negligently" does not imply reversible error in its giving, where it asserted a correct legal proposition; for, if plaintiff apprehended a necessity for definition, it should have been requested in an explanatory charge.

9. APPEAL AND ERROR ⊙〰1064(1)—HARMLESS ERROR—INSTRUCTIONS.

In passenger's action for injuries, defense being she was struck by motorcycle after alight-

ing, instructions as to proximate cause *held* not reversible error.

10. APPEAL AND ERROR ☞1064(1)—MISLEADING INSTRUCTIONS.

Judgments will not be reversed for the giving of charges merely having a tendency to mislead, unless it is manifest upon the record that the jury has been in fact misled to the prejudice of appellant.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action by Harry A. Hammett against the Birmingham Railway, Light & Power Company, for injuries sustained while a passenger. Judgment for defendant, and plaintiff appeals. Affirmed.

The plaintiff stated his case as for injuries proximately caused by the negligence of the servants or agents of the defendant while acting in the line and scope of their employment in and about the carriage of plaintiff as a passenger of the defendant. The defendant pleaded the general issue and the following special plea 2:

Plaintiff himself was guilty of negligence which proximately contributed to his injuries in this, that he negligently stepped from the street car into the way of a motorcycle, then and there rapidly approaching on the street, without looking or listening for the approach there and received his injuries as alleged.

The demurrers are that the contributory negligence averred is but the conclusion of the pleader. No facts are alleged in said plea to which contributory negligence can be attached as a conclusion of law. It is not alleged in said plea that plaintiff was aware of the approach of said motorcycle, and that for aught that appears in said plea plaintiff's injuries were proximately caused by the combined negligence of the defendant's servants or agents and the negligence of the operator of said motorcycle, without negligence of any sort on the part of the plaintiff.

The following charges were given at the request of the defendant:

1. Even though you should find from the evidence that the accident would not have happened but for the acts of the defendant complained of in this case, in the event that you further find therefrom that there were other acts for which defendant is not responsible which intervened between the act of the defendant and the injury to the plaintiff, and that these acts were an efficient cause of the injury to the plaintiff, your verdict must be for the defendant.

2. If you believe the evidence, the operator of the motorcycle was not connected with or in the employ of the defendant.

3. If you believe from the evidence that plaintiff alighted in safety from the car and started to walk towards the curb of the viaduct, but before reaching the curb was struck and injured by a motorcycle, then the plaintiff cannot

recover in this case, and your verdict must be for the defendant.

5. The relation of passenger and carrier is eliminated when the passenger alights from the car in safety and proceeds on his way, and if while so proceeding the former passenger is injured by another person not connected with the carrier, then the carrier would not be responsible.

6. If you believe from the evidence that plaintiff alighted from the car in safety and started to walk towards the curbing, and if you further believe from the evidence that plaintiff while so walking approached near the curbing of the viaduct, and while there was struck and injured by a motorcycle operated by a Mr. Hudson, then the plaintiff cannot recover in this case, and your verdict must be in favor of the defendant.

8. The court charges you that it is not negligence as a matter of law to stop a car 50 or 75 feet from the regular stopping place, unless the operatives of said car knew, or ought to have known, of some fact which would make it dangerous for passengers to alight at said place.

9. In the event you should find from the evidence that the employés of the defendant were negligent in stopping the car where they did, but should further find that there was an independent, efficient, intervening cause between that negligence and the plaintiff's injuries the defendant would not be liable in this case.

11. If you are reasonably satisfied from the evidence that the plaintiff negligently stepped from the exit of the street car in the way of an approaching motorcycle, and that as a proximate consequence thereof was struck and injured, then in that event your verdict must be in favor of the defendant, even though the defendant's servant was also negligent.

12. The court charges you that this defendant is not responsible for any of the results of the negligence of the rider of the motorcycle.

13. If the plaintiff's being struck by a motorcycle was not such a result as that the defendant could have reasonably been expected to anticipate as likely to ensue from his conduct on the occasion complained of, it cannot be regarded as a natural consequence of said conduct for which the defendant could be held legally responsible.

14. The court charges you that a person is not liable for results of his acts which, in the ordinary course of things, would not flow or result therefrom.

15. The court charges you that the operatives of defendant's street car had a right to assume that the other travelers on the street at that time and place would observe the city ordinance forbidding any vehicle to pass a street car after the same had stopped to discharge passengers on the side on which passengers alight.

17. The court charges you that if the mind of any individual juror is not reasonably satisfied that the plaintiff ought to recover in this case, you cannot find for the plaintiff.

16. If the plaintiff voluntarily left the car of the defendant at the place at which it stopped, even though such place was not the regular stop, and had ceased to be a passenger of the defendant at the time that he was struck, your verdict must be for the defendant.

Charges 19 and 21 are the same proposition as charge 16 in different phraseology.

J. B. Ivey and W. A. Denson, both of Birmingham, for appellant.

Tillman, Bradley & Morrow, of Birmingham, for appellee.

SAYRE, J.    [1-3] Action by appellant, a passenger, against appellee a common carrier, for personal injuries. It is the duty of a street railroad carrier to provide a reasonably safe place for the landing of its passengers, as explained in Montgomery Street Ry. Co. v. Mason, 133 Ala. 508, 32 South. 261, and other of our cases; but this rule has no reference to independent agencies operating in the street such as the motorcycle mentioned in plea 2. The carrier is no more responsible for them than is the passenger. The passenger must therefore, upon alighting from the street car, exercise reasonable care to prevent injury by such agencies, and whether he has done so will in general be a question for the jury in view of all the surroundings. The plea in question put the plaintiff upon fair notice as to the nature of the facts defendant proposed to show in avoidance, and characterized plaintiff's action in the premises as negligent. It is not perceived how the pleader might have more serviceably stated his defense. The demurrer, as for any objection specifically stated against the plea, was properly overruled.

[4, 5] Charge 1, given at the request of defendant, defined proximate cause in the familiar language of our decisions. There was no error in giving it. Tobler v. Pioneer Mining & Mfg. Co., 166 Ala. 482, 52 South. 86. So in respect to defendant's charge 7. The use of the word "even" in the last-mentioned charge might have justified its refusal (B. R. L. & P. Co. v. Saxon, 179 Ala. 161, 59 South. 584; Manistee Mill Co. v. Hobdy, 165 Ala. 417, 51 South. 871, 138 Am. St. Rep. 73); but in no case has a judgment founded upon the verdict of a jury been reversed for such a departure from critical accuracy in the analysis of some conception which the court has stated to the jury correctly in general.

[6] Defendant's charge 3 was clearly correct. The carrier's full duty in the absence of special circumstances of which there is no intimation in this record, is performed when the passenger is safely deposited on the ground. If afterwards the passenger walks into danger or harm overtakes him by reason of the intervention of an independant agent the carrier cannot be held for that. Mason Case, supra. So as to defendant's charges 5 and 6.

[7] It cannot be said that it is negligence per se to stop a street car 50 or 75 feet from the regular stopping place, unless in the circumstances predicated in defendant's charge 8. The court could not affirm, as a general proposition, that such a stop for the delivery of passengers would not constitute a substantial performance of the contract of carriage, if that were the subject of investi-

gation, or a substantial compliance with an ordinance requiring stops at certain places, if that were material and the court were informed in some way, by pleading or otherwise—as the court in this case does not appear to have been—that the ordinance was relied upon. What the court did in this case was to inform the jury that to stop a car 50 or 75 feet from the regular stopping place was not necessarily negligence; in other words, that the question of negligence in such case was a question for the jury.

Appellant's eighth assignment of error (charge 9 given for defendant) is sufficiently answered by what has been said as to charge 1.

Defendant's charge 2 was correct. Tobler Case, supra.

[8] Charge 11, given for defendant, was couched in the language of plea 2, which we have held good. There was no error in giving it. Possibly the charge might have been refused without error because it failed to define "negligently" (Ala. Consol. C. & I. Co. v. Heald, 168 Ala. 626, 648, 53 South. 162), but that does not imply reversible error in its giving. The charge asserted a correct legal proposition, and if plaintiff apprehended a necessity for definition, it should have been requested in an explanatory charge.

Under the undisputed evidence, charge 12 stated a correct proposition. If further elaboration was desired it might have been had in an explanatory charge.

[9] Charges 13 and 14 have drawn from counsel a citation of Armstrong v. Montgomery Street Ry. Co., 123 Ala. 249, 26 South. 349, where the question at issue was whether the death of plaintiff's intestate had resulted proximately from the negligence charged. The court in general terms defined those consequences for which a person guilty of negligence may be held answerable. 123 Ala. 249, 250, 26 South. 349. There was no such question in the present case. There is here no question as to the quantum of damages, no question as to the remoteness of consequences suffered or damages claimed; the question is whether defendant was negligent in failing to anticipate and prevent the occurrence which resulted in injury to plaintiff, and the object of these charges is to define due care. While no one formula can be said to cover every aspect of a many-sided problem, and the charges under review are no better than some others in that respect, they contain a definition that was reasonably useful in the premises. Every man must, in his conduct with reference to others, be guided by a reasonable estimate of probabilities. Southern Ry. Co. v. Carter, 164 Ala. 103, 51 South. 147. This is the general effect of these charges, and error to reverse cannot be predicated upon the giving of them.

[10] Charge 15 was not error to reverse.

Its naked legal proposition was correct. If plaintiff apprehended a tendency to mislead by reason of the absence of correlated propositions, which may have had room for operation, the rule is well settled that such tendency should have been met by a request for explanation, and that judgments will not be reversed for the giving of charges merely having a tendency to mislead, unless it is manifest upon the record that the jury has been in fact misled to the prejudice of appellant. Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 South. 642.

The proposition of charges 16, 19, and 21—they all come substantially to one proposition—was correct, as we stated in effect in our observations upon charge 3.

Charge 17 might well have been refused as tending to mislead; but it stated a correct proposition of law, and there can be no reversal for giving it. Karpeles v. City Ice Delivery Co., supra.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.