### WITTKOWER et al. v. DALLAS RY. & TERMINAL CO. et al.

### No. 3006.

Court of Civil Appeals of Texas. El Paso.

June 28, 1934.

Rehearing Denied July 26, 1934.

Paul T. Doss, of Dallas, for appellant.

Seay, Malone & Lipscomb, of Dallas, for Texas Co.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for Railway Co.

WALTHALL, Justice.

This suit was brought in the district court of Dallas county by Louis D. Wittkower, for himself and as next friend for his minor daughter, June Louise Wittkower, as plaintiffs, against the Dallas Railway & Terminal Company, a corporation, the Texas Company, a corporation, and William Brian, as defendants, to recover damages because of certain personal injuries alleged to have been sustained by said minor due to the alleged negligence of the said William Brian and the employees of the defendants, Dallas Railway & Terminal Company and the Texas Company.

Briefly stated, it was alleged that said minor on or about September 1, 1933, immediately after alighting from a street car of the Dallas Railway & Terminal Company on which she was a passenger and which had been stopped at or near the intersection of Colonial avenue and Pine street in the city of Dallas, Tex., was run into and injured by a motorcycle which was being operated by the defendant William Brian.

Various acts of negligence upon the part of William Brian in operating his motorcycle and the other defendants, as causing the in-juries to said minor, were attempted to be alleged.

Defendant William Brian did not answer, and he was dismissed from the suit, and we need not further refer to him as a party to the suit. The trial court sustained a general demurrer to plaintiff's petition presented by the Dallas Railway & Terminal Company as to the cause of action against it, and sustained a special exception to plaintiff's petition as to the Texas Company, and plaintiffs, declining to amend, plaintiffs' suit was dismissed. From the order sustaining said general demurrer and special exception plaintiffs have duly prosecuted this appeal.

Opinion.

Appellants' petition is lengthy, and we will state such portions of it as apparently makes clear the points to be decided. As to the appellee Dallas Railway & Terminal Company, it was alleged, in substance, that the regular place of alighting used by June Louise Wittkower in alighting from appellee's street cars was at the intersection of said Pearl street and Colonial avenue; that on the occasion in question plaintiff June Louise Wittkower, a child approximately ten years of age, accompanied by Jay Wood, a child of about June's age, were passengers on the appellee's street car, a car of the Peter Witt type; the car was stopped at the regular stopping place at the intersection of said streets for the convenience of the street car employees; the motorman left the street car at the front door at that stopping place and proceeded to cross the street; when the minor, June, saw the motorman start to cross the street from the front end of the car she and her companion arose from their seats in the front part of the street car, walked to the middle door of the street car, paid the fare, and thereupon the street car conductor opened the middle doors of the street car and the minor stepped therefrom onto Colonial avenue into the path of and was struck by a motorcycle driven by defendant Brian. As to the defendant street car company, appellant assigns negligence: The conductor failed to exercise a high degree of care toward said minor child in failing to maintain a proper lookout for vehicles approaching the west middle doors of said street car just prior to the time same were opened; in failing to warn the minor child of the imminent danger of being hit by the said motorcycle upon her alighting from the street car; in opening the car doors the conductor impliedly invited the minor child to alight from

the car into a place and at such time as to place her in an imminent place of danger of being struck by said motorcycle before she would have sufficient time and opportunity to protect herself from being struck by said motorcycle; in the alternative, if the conductor did not fail to keep a proper lookout, then the conductor saw the approach of the motorcycle and knew and realized that the minor was approaching a place of danger and/or was in a place of danger and would not have sufficient time and opportunity to escape, and did not possess sufficient discretion to guard against the approaching danger in time to have avoided the accident by exercising ordinary care to avoid said collision, and failing to warn the minor not to alight, until the said motorcycle had passed, and in refraining from opening the car doors until the motorcycle had passed.

As to appellee street car company, appellants submit that having alleged the above negligent acts as to it the trial court erred in sustaining the general demurrer.

The Dallas Railway & Terminal Company submits that since appellants show that at the time the minor was injured she had ceased to be a passenger and had alighted upon a public street, the relation of carrier and passenger had terminated, and appellee owed her no further duty; and also, that since appellants' petition shows that the injuries to the minor were occasioned by the acts of an intervening agency, the motorcycle, over which it is not shown that appellee had control or relation, the operation of the motorcycle became the sole proximate cause of such injuries, and no liability was alleged against this appellee.

Briefly stated, the petition alleges that the minor, previous to the accident, was a passenger on the street car; that the street car on the occasion in question was stopped at the regular place for passengers to alight from the car; that when the street car had stopped and the minor saw that the motorman had left the car and started across the street the minor arose from her seat, walked to the middle door of the car, paid her fare, and thereupon the conductor opened the car door and the minor stepped from the car to the street, where she was injured by the motorcycle.

Appellants insist that the street car company owed the minor the duty to maintain a lookout for the approach of vehicles, the duty to warn her of the danger of being hit by the motorcycle, and that opening the car door impliedly invited the minor to alight from the car into a place of danger of being struck by the motorcycle.

We have reviewed the cases referred to by appellants and have concluded that the facts therein stated differentiate them from the facts stated here.

The questions are presented: Did the street car company owe the duty to the minor to keep a lookout for the approach of vehicles, or the duty to warn her of the danger of being hit by the motorcycle, or the duty of refraining from opening the doors of the street car until after the motorcycle had passed beyond the street car?

Answering the questions in their order, the rule is generally stated to be that one who has alighted from a street car and is in safety upon the highway from any contact or collision with the street car is no longer a passenger, but is thenceforth a traveler upon the highway, subject to all the duties and obligations imposed upon such traveler, and the street car carrier is not responsible as a carrier for his safe passage from the car to the sidewalk. R. C. L. vol. 4, p. 1047; again same vol. on page 1254, and cases referred to in the notes. In El Paso Electric Co. v. Ludlow, 291 S. W. 619, this court held that the relation of carrier and passenger terminates when the passenger had safely gotten down from the car onto the pavement. Tex. Juris. vol. 8, p. 615.

In Corpus Juris, vol. 10, p. 627, it is stated to be a general rule as to street railroad companies that "a person ceases to be a passenger as soon as he safely steps from the car into a public street, and has had a reasonable opportunity to leave the place at which he alights." The rule is a qualification of the rule as to carriers by steam railroads which own or control the place where passengers alight.

The rule stated has application to regular places for passengers to alight from the street cars.

The petition alleges that the injury to the minor occurred after she had stepped from the street car onto the street, and by coming in collision with a motorcycle then being operated on the street. Under the authorities cited, we think the minor was not a passenger of the appellee street car company at the time of the injury. Appellants allege, however, that the street car company owed the minor the duties to keep a lookout for vehicles approaching the door of the street car just prior to the time the door was opened and while she was a passenger; and the duty to warn her, while she was a passenger, of the danger of being hit by the motorcycle upon her alighting from the car;

and while the minor was a passenger the company owed her the duty of not opening the street car door and permitting her to alight from the car while there was danger from the passing motorcycle.

■ If the street car company owed the minor any one of the duties stated, the general demurrer should not have been sustained. Appellee street car company refers us to Jacobson v. Omaha & Council Bluffs St. Ry. Co., 100 Neb. 356, 191 N. W. 327, 329, 31 A. L. R. 563; Chesley v. Waterloo, etc., Ry. Co., 188 Iowa, 1004, 176 N. W. 961, 12 A. L. R. 1366; Hammett v. Birmingham Ry., L. & P. Co., 202 Ala. 520, 81 So. 22; Lindgren v. Puget Sound Int. Ry. & Power Co., 142 Wash. 546, 253 P. 791; St. John v. Connecticut Co. et al., 103 Conn. 641, 131 A. 396; Louisville, etc., Ry. Co. v. Saxton, 221 Ky. 427, 298 S. W. 1105; Oddy v. West End Ry. Co., 178 Mass. 341, 59 N. E. 1026, 86 Am. St. Rep. 482; Sims v. Knoxville Ry. & Light Co., 141 Tenn. 238, 208 S. W. 610; Craig v. United Ry. of St. Louis, 175 Mo. App. 616, 158 S. W. 390; Downs v. Northern States Power Co., 200 Wis. 401, 228 N. W. 471; 10 C. J. 623, 625, 915, 925; 3 Thompson on Negligence, 904.

In the first case cited, Jacobson v. Omaha, etc., Street Ry. Co. the court states: "During that period, when a passenger is alighting from the car and until after he has ceased to be a passenger, the company owes him certain duties and obligations, to the end that it may furnish him a safe delivery at his destination. Whether or not, in the performance of those duties, it must warn and guard him against the danger from passing vehicles is the precise question here to be determined, and which is not, as we view it, entirely solved by any of the decisions above mentioned, though some of the general statements made would seem broad enough to cover it. In the case of Hammett v. Birmingham Ry., L. & Power Co. [202 Ala. 520, 81 So. 22], supra, as an instance, the court announced as a general rule that—

" 'It is the duty of a street railroad carrier to provide a reasonably safe place for the landing of its passengers,' and 'the rule as to providing safe place for alighting has no reference to independent agencies operating in the street such as a motorcycle.' "

The court, in further discussing the issues involved, says: "We cannot say that a street railway company is, as a general rule, required to watch for and to warn its passengers, who are about to descend into the street, against those obvious dangers from moving vehicles which are incidental to and common on the street, and which are known to all."

The court then, at much length, states its reason for so holding, and saying, among other reasons, that it is impracticable for another to take the responsibility of attempting to control and guard, as to such dangers so commonly known to all.

In Oddy v. West End Street R. Co., 178 Mass. 341, 59 N. E. 1026, 1027, 86 Am. St. Rep. 482, where the passenger had signaled that she wished to alight at the next street intersection, and the conductor observing that the fire engines were passing along the street, stopped the car in the middle of the block. The passenger, believing that she had reached her destination, stepped off the car unobserved by the employees of the company and was struck by a passing hose cart immediately upon alighting from the street car. In that case the court stated as a general rule, that: "Street-Car companies, carrying passengers in ordinary public streets or high ways, are not negligent in not providing means for warning passengers about to leave a car of the danger of colliding with, or of being run over by, other vehicles in the street. The risk of being hurt by such vehicles is the risk of the passenger, and not that of the carrier. It is not a danger against which the carrier is bound to protect the passenger or to give him warning."

In Ellis v. Hamilton Street R. Co., 48 Ont. L. Rep. 380, the court held that the company was not negligent in failing to warn the passenger of the danger of passing vehicles at the point where she was allowed to alight, and in so holding said: "There is nothing in the evidence to show that the motorman knew that the plaintiff did not know and appreciate as much as he did, any risk she was taking in asking that the car be stopped; and, though she had an opportunity of doing so, she did not, before stepping from the car, look for an approaching motor."

Other cases we have reviewed make similar statements as to duties of street car companies.

It seems to us that the responsibility of the company should be coextensive with its practical control. The passenger in his position in alighting from the car has a full view of the street in all directions, and it is solely within his power to fix the moment when he or she shall alight from the car. We know of no act or rule of law that makes it the duty of the street car company to refuse to let a passenger alight from the car at a regular place for doing so or to keep a lookout

for passing cars for the passenger, or to warn the passenger to look out for passing traffic. We have concluded that the court was not in error in sustaining the general demurrer.

As to the Texas Company, by paragraph 6 of the petition, appellant alleged, in substance: "That at the time and on the occasion in question, defendant Brian (the motorman operating the motorcycle that injured the minor) was regularly employed by the Texas Company as rackman and/or pumpman at the warehouse of said The Texas Company, and/or one of its places of business in Dallas County, Texas, and/or as utility man to replace or substitute for employees of The Texas Company engaged in the operation of filling stations belonging to The Texas Company in the City of Dallas, and that said defendant Brian was subject to call of the directions of The Texas Company continuously from the time he went to work in the early morning of each day until the time he quit work in the late afternoon of each day, and that at the time of the accident in question, to-wit, approximately 11:30 o'clock on the date aforesaid, he was subject to and under the control of The Texas Company. The plaintiffs allege that it is not known to them what the exact duties or hours of employment of the defendant Brian were at the time and occasion in question by The Texas Company, and are not able to allege more specifically same, but that The Texas Company is well informed of each and all of the matters pertaining to his employment and are in possession of records and other data pertaining to such employment and are hereby given notice to produce in open court any and all such records pertaining to the employment of Brian, or secondary evidence will be introduced to prove same."

The above is all that is alleged in stating the cause of action against the Texas Company.

The trial court sustained the company's special exception to the petition pointing out: The allegations are mere conclusions; if Brian was subject to and under the control of the Texas Company but was not then engaged in the company's business there would be no legal liability; it is not alleged that Brian was acting for or on behalf of the company at the time of the accident.

It was not error to sustain the special exception to appellant's petition. There is no statement in the petition of any fact susceptible of proof that in operating the motorcycle at the time of the accident in question

Brian was in the performance of any service or business of the Texas Company. Lightsey Black & White Cab Corporation v. Littlefield (Tex. Civ. App.) 48 S.W.(2d) 766; Murphy v. Gulf Production Co. (Tex. Civ. App.) 299 S. W. 295; Miller v. Pettigrew (Tex. Civ. App.) 10 S.W.(2d) 168.

That the petition called upon the employer to disclose the character of Brian's service would not relieve the appellant of the necessity of stating facts tending to show that in operating the motorcycle he was in the performance of his employer's business. To say that Brian was subject to a call to perform some service for his employer, if proved, would not show that he had been called, and that in operating the motorcycle at the time and place of the collision he was in the performance of his employer's business.

For reasons stated, the case is affirmed.