# Alabama Great Southern Railroad Co. v. Bailey.

*Action by Employè against Railroad Company for Personal Injuries caused by Defective Road-bed.*

1. *Appeals; motion for security for costs must be shown by bill of exceptions.*—A motion to require plaintiff to give security for costs and the order denying the same must be shown by the bill of exceptions, and when copied in the transcript only as a part of the record, can not be considered on appeal.

2. *Motion to suppress deposition; when made too late.*—After a struck jury has been demanded and selected, the trial has been entered upon, and a motion to suppress a deposition then made is properly overruled, because it comes too late; and this is true, even though it was made before the cause was put to the jury by the plaintiff.

3. *Evidence; waiver of objection to testimony not specified.*—When specified grounds of objection to testimony are assigned, all other grounds of objection are waived.

4. *Action against a railroad; evidence as to condition of cross-ties.*—In an action against a railroad company by a brakeman, to recover damages for personal injuries caused by the derailment of defendant's train, where the complaint charges that the cross-ties at the place of the derailment were rotten, and the rails old, worn and insecurely fastened, evidence of such defects in the track at or near to the place of the accident, is admissible, and objection to such evidence upon the ground that the place had not been located by the witness testifying to such condition is not tenable.

5. *Evidence; where no objections made to interrogatory, none should be sustained to the answer.*—When, in propounding interrogatories to a witness, whose deposition is to be used on the trial of a cause, no objections are interposed to any of the interrogatories, none should

be sustained to those answers which are directly in response to the respective interrogatories.

6. *Same; same; error without injury.*—In an action against a railroad company to recover damages for personal injuries caused by the derailment of a train, where the testimony of a witness that he had observed at the place of the accident "evidences of the railroad track having been tampered with," is given in direct response to an interrogatory propounded to him, to which there was no objection, it is error for the court to sustain an objection to such answer; but the error of the court in sustaining an objection to the answer is without injury, where the witness further testified in detail to the "evidences" that the railroad track had been tampered with, and his testimony, if believed, showed that it had been tampered with.

7. *Action for personal injuries; damages.*—In an action by an employé against a railroad company for personal injuries, compensation for physical pain and suffering may be included in the damages to which he is entitled; and evidence that plaintiff suffered, and would always suffer, great pain, furnishes the jury sufficient data for an intelligent assignment of damages.

8. *Allegations of complaint in action against a railroad company; when different causes alleged under videlicet, not necessary that all should be proven.*—In an action by an employé against a railroad company to recover damages for personal injuries caused by derailment of a train, where the complaint avers generally that the injury resulted from a defect in the ways, works, &c., connected with or used in the operation of the railroad by the defendant, and then under a *videlicet* specifies that the track at the time and at and near the place of the accident was defective in that the "cross-ties in said tracks were rotten, the rails were insecurely fastened, the track was not sufficiently ballasted and the rails were old and worn," it is not essential to plaintiff's recovery that he should prove all the specified defects in the track, but only sufficient of them to support the general averment of defects in the condition of the track; and if there is evidence that the cross-ties were rotten and the rails insecurely fastened at the place of the accident, the general charge for the defendant, and a charge requiring that plaintiff should prove all the specified infirmities before he was entitled to recover, are properly refused, though there was no evidence introduced to show that the track at that point was not sufficiently ballasted or that the rails were old and worn.

9. *Action against a railroad company; charges properly refused when they withdraw from the jury the consideration of particular facts.*—In an action against a railroad company by an employé to recover damages for personal injuries, alleged to have been caused by defects in the conditions of the ways, works, &c., when there is evidence that the track was defective, and that in consequence of such condition the train on which the plaintiff was employed was derailed, and the evidence as to the character of the defect afforded ground for inference by the jury that the defects arose from the defendant's negligence or

[Alabama Great Southern Railroad Co. v. Bailey.]

of some employé entrusted by it with the duty of seeing that the track was in proper condition, but there was no direct proof that the defects so arose or were allowed to continue, a charge instructing the jury that, "if the plaintiff has only proved his injury and the defective track, and that his injury was caused by reason of the defective track, the jury must return a verdict for the defendant," is properly refused, as withdrawing from the jury in the consideration of this question a part of the evidence adduced, and as being misleading.

10.  *Same; when damages not excessive.*—When, in an action against a railroad company by an employé to recover damages for personal injuries, it was shown that at the time of the injury, plaintiff was a man in good health, twenty-five years old, was earning fifty dollars a month as a flagman on defendant's passenger train, that it took the whole amount of his wages to support himself, his wife and child, that he was seriously and permanently injured in his spine, which caused him great pain and suffering, that for two months he was unable to do any work, and that at the time of the trial, which was more than a year after the accident, he was still suffering from his injuries, a verdict assessing his damages at $10,500 can not be said to be excessive.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the appellee, Thomas F. Bailey, against the appellant, to recover damages for personal injuries, alleged to have been inflicted by reason of the negligence of the defendant.

The complaint as originally filed contained five counts. The court gave the general affirmative charge in favor of the defendant as to the second, third, fourth and fifth counts. The issues were tried upon the first count, which, after averring that on September 22, 1893, the defendant was operating a railroad, and was having run on said railroad at said date a passenger train upon which the plaintiff was employed in the capacity of flagman or brakeman, continued as follows: "and on said day, while plaintiff was engaged in or about said service or business of defendant, on said train, the said train or a part thereof was derailed and wrecked at a point on said railway near Argo, and in consequence thereof plaintiff was injured in the back, spine, hips and other parts of the body, and was paralyzed and made sore and sick, and suffered and continues to suffer great mental and physical pain, and has lost, and will continue to lose much time from his business, and was rendered permanently less able to work and earn money, and plaintiff's

nervous system was shattered, and his health, strength and stamina permanently injured. Said train or a part thereof was derailed and wrecked, and plaintiff's said injuries and damages were caused by reason of defects in the condition of the ways, works machinery or plant connected with or used in said business of defendant; which said defects arose from, or had not been discovered or remedied, owing to the negligence of defendant, or of some person in the service of defendant, and intrusted by it with the duty of seeing that the ways, works, machiney or plant were in proper condition, viz., the track or roadway over and along which said train was running at the time of said derailment was defective at or near the point of derailment, to-wit, cross-ties in said track were rotten; rails were insecurely fastened; the track was not properly and sufficiently ballasted; rails were old and worn.''

Issue was joined on the plea of the general issue. The court overruled a motion of the defendant to require the plaintiff to give security for the costs and also a motion to suppress the deposition of the witness Dearing. Under the opinion, it is unnecessary to state the details relating to these rulings.

The evidence for the plaintiff tended to show that on the night of September 21, 1893, about half past twelve o'clock, a passenger train on the defendant's road and upon which the plaintiff was a flagman was wrecked; that said train was running at the rate of 50 or 60 miles an hour, and when going around a curve, which was on a down grade, the rails of the said curve spread, or gave way, and caused the train to leave the track, and be wrecked; that the said wreck was caused by rotten cross-ties being under the rails of said curve; that about one-half of the cross-ties which were on said curve were rotten, and that the rails were not securely fastened therein. The evidence of the plaintiff further tended to show that he was seriously and permanently injured in his spine and other portions of his back, in such a way as to cause him great suffering, and that for six weeks or two months after the accident, he was unable to do any work whatever, and still suffers from the injuries inflicted at the time of the trial. It was further shown by the evidence that at the time of the accident he was 25 years of age, was in good health, and was earning

$50 per month; that his family consisted of his wife and one child, and that it took all his wages to support himself and family.

The evidence for the defendant tended to show that there were no rotten cross-ties in the curve of the railroad where the accident occurred, and that the wreck was caused by some person or persons drawing the spikes which held the rails to the cross-ties, and taking the fish bars from the rails; that the track was in good condition where the accident occurred and was well ballasted.

Upon the examination of one J. E. Pond, as a witness for the plaintiff, he testified that on the curve where the wreck in question occurred, one-half of the cross-ties were rotten, and that they were in very bad condition. The bill of exceptions states that then the plaintiff asked the witness this question: "Q. Tell what you have seen, if anything, with trains passing at the point where this wreck occurred? A. I have seen the ties fired, but I do not know whether it was immediately at that place. I will not say it was immediately at that place of the wreck, but I have seen a whole lot of rotten cross-ties fired there." The defendant objected to this question, and moved the court to exclude the answer to the same, because the plaintiff had not located the place where the ties caught fire at the point where the wreck occurred. The court sustained the motion, unless the plaintiff would show the location, whereupon the plaintiff's counsel then asked the following questions, which were answered as follows: "Q. Where were they? A. Near the wreck; I will not say it was where the wreck occurred. Q. There on that curve? A. Yes, sir; on that curve. Q. What is the length of the curve? A. I do not know that I could make a correct statement in regard to the length of that curve. Q. Is it a long or a short curve? A. Tolerably short, a 100 or so yards. I can not make an exact statement; I have never measured it; I have never paid any particular attention to the length of it." The defendant then moved to exclude the testimony of this witness, as to the ties catching fire, because he had not located them at the point where the wreck occurred. The court overruled this objection and allowed the evidence of the witness to go to the jury, to which action of the court the defendant then and there in open court duly excepted.

The defendant introduced the deposition of one J. B. Mathews, who testified that he was on the train which was wrecked, at the time of the plaintiff's injury; that after the train was derailed, he remained about the track; that in examining the track he found the general condition of the track and road-bed good, except a broken joint in one of the rails at the place of the accident; that the road-bed was well ballasted, and its general condition was good, and that the rails and cross-ties were good. The fifth interrogatory of this deposition was as follows: "Q. Did you or not observe any evidence of the railroad track having been tampered with? If you say you did, please give in detail and plainly and exactly what you saw. Was any one with you when you made the examination? If so, who was it?" To this fifth interrogatory, the witness answered: "I observed evidences of the railroad track having been tampered with." The plaintiff objected to that part of the answer to the fifth interrogatory which is above quoted. The court sustained the objection, and suppressed that part of the answer to the fifth interrogatory, and declined to let the answer go to the jury. To this action of the court the defendant duly excepted. This witness further testified as to his investigation and examination of the scene of the wreck, and that he had discovered certain indications of the track having been tampered with at this point.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe all the evidence in this case, they must find a verdict for the defendant." (2.) "If the jury believe all of the evidence in this case, they must find a verdict for the defendant on the first count of the complaint." (7.) "If the jury should return a verdict for the plaintiff in this case, they can only give a verdict for nominal damages." (8.) "In this case it is not left to the sound discretion of the jury as to the amount of damages they shall give the plaintiff, if they should find a verdict in his favor." (11.) "If the plaintiff has only proved his injury, and a defective track, and that his injury was caused by reason of the defective track, the jury must return a verdict for the defendant." (17.) "The court charges the jury that this accident,

[Alabama Great Southern Railrood Co. v. Bailey.]

in which the plaintiff was injured, was an accident that was incident to his employment." (18.) "The court charges the jury that the injury to the plaintiff in this case, resulted from one of the risks incident to his employment." (25.) "The court charges the jury that the plaintiff cannot recover in this case, unless they find from the evidence that the cross-ties in the track were rotten, the rails insecurely fastened, the track not properly and sufficiently ballasted, and the rails old and worn. It is necessary in this case that the plaintiff should prove all of these things to have existed at the time of the wreck, to be entitled to recover."

There were verdict and judgment for the plaintiff, assessing his damages at $10,500. The defendant subsequently made a motion for a new trial, upon the following grounds : 1. The verdict of the jury was contrary to the evidence. 2. The verdict of the jury was contrary to the law and to the charges of the court. 3. The amount of damages allowed by the jury to the plaintiff by their verdict was excessive. 4. The jury did not have sufficient testimony submitted to them upon which they could calculate the amount of a verdict in favor of the plaintiff. 5. If the plaintiff was entitled to any damages at all, he was only entitled under the evidence to nominal damages. The remaining grounds of the motion were based upon the court's refusal to give each of the charges requested by the defendant. This motion for a new trial was overruled, and the defendant duly excepted.

The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were re-. served.

A. G. SMITH, for appellant.—The court should have excluded the testimony of the witness, J. E. Pond, as to the cross-ties being fired, on the curve on which the wreck occurred, by passing engines.—*R. & D. R. R. Co. v. Vance*, 93 Ala. 144. The court should not have stricken out the part of the evidence of J. B. Mathews, which he suppressed, in part answer to the fifth interrogatory.—*Grey v. Mobile Trade Co.*, 55 Ala. 387 ; *McCreary v. Turk*, 29 Ala. 244. The court should have given charges 1, 2 and 25 to the jury.—*Smith v. Causey*, 28 Ala. 655 ; *R. R. Co. v. Burton*, 97 Ala. 240 ; *B. R. &*

*E. Co. v. Baylor*, 101 Ala. 488. The court should have given charge number 7 to the jury.—*Seaboard Manfg. Co. v. Woodson*, 98 Ala. 378; *L. & N. R. R. Co. v. Orr*, 91 Ala. 548. The court should have given charge number 8 to the jury.—*Seaboard Manfg. Co. v. Woodson*, 98 Ala. 378; *L. & N. R. R. Co. v. Davis*, 99 Ala. 593. The court should have given charge 11 to the jury.—*Smoot v. M. & M. R. R. Co.*, 67 Ala. 13; *M. & O. R. R. Co. v. Thomas*, 42 Ala. 672; *L. & N. R. R. Co. v. Davis*, 91 Ala. 487; *L. & N. R. R. Co. v. Allen*, 78 Ala. 494; *Tuck v. L. & N. R. R. Co.*, 98 Ala. 150.

Bowman & Harsh, *contra*.—The refusal to dismiss for want of security for costs is not revisable unless an exception is duly reserved by bill of exceptions.—*Tuskaloosa Wharf Co. v. M. & A. of Tuskaloosa*, 38 Ala. 514; *Wiggins v. Witherington*, 96 Ala. 535; *Eslava v. Ames Plow Co.*, 47 Ala. 386; *Johnson v. State*, 29 Ala. 62; *Frieder v. Goodman*, 101 Ala. 242; *Bright v. State*, 76 Ala. 96; *Jones v. State*, 77 Ala. 98; *Hawk v. State*, 84 Ala. 6; *Baker v. Swift*, 87 Ala. 531. When defendant appears and pleads without moving to dismiss for want of security for costs he waives the objection.—*Heflin v. Rock Mills Manfg. & L. Co.*, 58 Ala. 614; *Shuttleworth v. Dunlop*, 34 N. J. Eq. 488, and authorities cited in note; *Lavange v. Burke*, 50 Ala. 61; *Sprague v. Haight*, 54 Iowa 446; *Trustees v. Walters*, 12 Ill. 154.

"When both parties announce themselves ready for trial and express themselves satisfied with a jury empannelled for the trial, the trial is so far entered upon as to preclude the consideration of a motion then for the first time made to suppress an entire deposition taken in the cause."—*Morgan v. Wing*, 58 Ala. 302; Code of 1886, § 2810; *McArthur v. Carrie*, 32 Ala. 75; *Moody v. A. G. S. R. R. Co.*, 99 Ala. 553; *Irby v. Kitchell*, 42 Ala. 440; *McCreary v. Turk*, 29 Ala. 246; *Tuskaloosa Cotton-Seed Oil Co. v. Perry*, 85 Ala. 158.

The objection that Pond did not locate the exact spot at which he had seen rotten ties catch fire, was properly overruled.—*R. & D. R. R. Co. v. Vance*, 93 Ala. 147.

The statement as follows: "I observed evidences of the railroad track having been tampered with" was a conclusion or opinion of the witness who was not an expert, and was therefore inadmissible.—*Tanner v. L. & N.*

*R. R. Co.*, 60 Ala. 621 ; *Loeb v. Flash*, 65 Ala. 526 ; *Bennett v. State*, 52 Ala. 370 ; *Gassenheimer v. State*, 52 Ala. 313 ; *Hodge v. State*, 97 Ala. 37 ; *Helton v. Ala. Mid. R. R. Co.*, 97 Ala. 275 ; *Trammell v. Ramage*, 97 Ala. 666. The exclusion of the statement : "I observed evidence of the railroad track having been tampered with," was without injury to appellant, for the same witness immediately stated particularly what he did observe, and therefore if error, is not cause for reversal. *Richardson Bros. & Co. v. Stringfellow*, 100 Ala. 419.

The general charge was properly refused.—*E. T., V. & G. R. R. Co. v. Turvaville*, 97 Ala. 124 ; *R. & D. R. R. Co. v. Weems*, 97 Ala. 270. Charge 7 was properly refused.—*R. & D. R. R. Co. v. Weems*, 97 Ala. 270 ; *Helton v. Ala. Mid. R. R. Co.*, 97 Ala. 275. The court properly refused charges numbered 8 and 11. They are misleading.—*Grant v. State*, 97 Ala. 35 ; *K. C., M. & B. R. R. Co. v. Webb*, 97 Ala. 157 ; *R. & D. R. R. Co. v. Farmer*, 97 Ala. 141.

Danger from a defective track, unless known to him, is not a risk incident to the business of a trainman. Code of 1886, § 2590 ; *K. C., M. & B. R. R. Co. v. Webb*, 97 Ala. 157.

Charge 25 is bad. The complaint avers a defective track or roadway, and the particularization is under a videlicet. Proof of "defective track or roadway" in either of these particulars is sufficient.—*L. & N. R. R. Co. v. Mothershed*, 97 Ala. 265.

The presiding judge heard the testimony of the witnesses, observing their manner and had better opportunities for pronouncing on its weight and convincing power than this court can have, and this court will not reverse his order unless the record, plainly and palpably shows he was wrong—"unless after allowing all reasonable presumptions of its correctness the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." *Dillard v. Savage*, 98 Ala. 598 ; *Cobb v. Malone*, 92 Ala. 630 ; *White v. Blair*, 95 Ala. 147 ; *Mobile v. Murphree*, 96 Ala. 141. The damages awarded are not excessive. *R. & D. R. R. Co. v. Farmer*, 97 Ala. 141.

McCLELLAN, J.—The counter abstract refers us to the transcript with reference to what occurred below as

to security for costs of the action, and to the overruling of defendant's motion to suppress the deposition of George W. Dearing. As to the former, a motion to require plaintiff to give security for the costs of the suit and an order denying such motion is copied in the transcript as a part of the *record* of the court below, but neither said motion nor the order made thereon is shown by the *bill of exceptions*, nor does it appear at all that any exception was reserved to the action of the court in overruling the motion. Upon this state of the record in this court we cannot review that action.—*Wiggins v. Witherington*, 96 Ala. 535.

As to the refusal of the court to suppress Dearing's deposition, the bill of exceptions shows that after both parties had announced ready for trial, the defendant demanded a struck jury, whereupon a jury was selected by striking alternately from a list of twenty-four jurors according to the statute, and when the jury thus selected was in the box, but before the cause had been put to the jury by the plaintiff, the defendant moved to suppress said deposition on the ground of a variance between the commission and the deposition in respect to the commissioner; the commission having been issued to John J. Waddell, and the deposition having been taken and certified by John J. Waddill. Without deciding whether these names are *idem sonans*, it is clear, we think, that the motion to suppress came after the trial had been entered upon in the meaning of the rule on that subject, and that for this, the motion was properly overruled. *Morgan v. Wing*, 58 Ala. 301.

The objection to the testimony of Pond as to having seen rotten cross-ties along the curve where the train was derailed, and near the place of derailment take fire from passing trains was based specifically on the ground that the witness had not located these ties at the spot where the train left the track. This was a waiver of all other grounds of objection to this evidence, (*McDaniel v. State*, 97 Ala. 14) ; and the ground thus specified is not tenable. *Richmond & Danville R. R. Co. v. Vance*, 93 Ala. 144.

The testimony of J. B. Mathews that he "observed evidences of the railroad track having been tampered with," was directly responsive to the fifth interrogatory propounded by defendant to this witness. No objection was interposed to this interrogatory, and therefore none

should have been entertained to the answer. But the action of the court in sustaining an objection to the answer was without injury to the defendant for this witness proceeded to state in detail the "evidences" that the railroad track had been tampered with, and his testimony, if believed by the jury, showed the fact sought to be established by him in this connection, that the track had been tampered with.—*Richardson Bros. & Co. v. Stringfellow,* 100 Ala. 416, 419.

The general charge was requested by the defendant chiefly on the theory, and the motion for a new trial was based mainly on the ground, that the evidence did not furnish the jury sufficient data for an intelligent assessment of damages. Upon this idea in part also charge 2, to find for the defendant under the first count of the complaint if the jury believed the evidence, and charge 7, limiting a recovery to nominal damages, were requested by the defendant. This theory leaves no room for compensation to the plaintiff on account of pain and physical suffering. Had Bailey been killed, and his personal representative prosecuted an action against the defendant, compensation for pain suffered by him could not be awarded because in such case the compensation is not for him but for his distributees who have endured no physical suffering. But that is not the case we have. Here compensation includes such amount, not beyond that sued for, as the jury in their discretion may see proper to assess on account of plaintiff's physical pain and suffering consequent upon the injury. Charge 8. requested by defendant is bad also on these considerations.—*Richmond & Danville R. R. Co. v. Farmer,* 97 Ala. 141; *Richmond & Danville R. R. Co. v. Weems,* 97 Ala. 270.

The complaint avers generally that the injury resulted from defects in the condition of the ways, works, machinery or plant connected with or used in the operation of a railroad by the defendant, and then under a *videlicet* it goes on to specify that the track or roadway over which the train was running at the time of the derailment was defective at or near the point of the derailment, in that, to-wit, (another *videlicet*) the crossties were rotten, the rails were insecurely fastened, the track was not sufficiently ballasted, the rails were old and worn. The form of this averment was notice to the defendant that plaintiff did not assume the burden of

12

proving all these specified infirmities of the track or roadway, but only sufficient of them to support the general averment that there were defects in the condition of the track; and plaintiff was under no duty to prove more than this. The general charge, and the general charge on the first count, requested by the defendant can, therefore, find no support in the absence of evidence that the track was insufficiently ballasted and that the rails were old and worn, there being evidence that the cross-ties were rotten and the rails were insecurely fastened; and charge 25, which would have required plaintiff to prove all these specifications, was properly refused.—*Louisville & Nashville R. R. Co. v. Mothershed,* 97 Ala. 261, 265.

There was evidence that the track was defective, that in consequence thereof the train on which the plaintiff was employed was derailed and wrecked, and that plaintiff was thereby injured. The evidence as to the character of the defects afforded ground for an inference to be drawn by the jury that the defects arose from, or had not been discovered or remedied owing to the negligence of the defendant, or of some employè entrusted by the defendant with the duty of seeing that the track was in proper condition, but there was no direct *proof* that the defect had so arisen or was allowed to continue. The obvious tendency of charge 11 requested by the defendant was to obscure the capacity of this evidence to authorize this further necessary inference, and to mislead the jury to the conclusion that there was nothing in the case from which they could find that the defendant had been negligent in not discovering and remedying the defect. It was, therefore, well refused.

Charges 17 and 18 refused to defendant are not insisted on by counsel here.

The only other position taken by appellant's counsel to which we need refer, is that the motion for a new trial should have been granted because the verdict was excessive. We think the argument in support of this position proceeds upon the erroneous notion already adverted to, that the plaintiff is entitled to damages only in respect of his loss of time and the diminution of his earning capacity consequent upon the injuries he complains of. When to these considerations is added recompense to him for the pain and suffering he endured and continues

[The State v. Fleming.]

to endure, as it must be, we cannot affirm that the damages assessed by the jury are excessive.

The judgment of the city court must be affirmed.