# Birmingham Fuel Co. v. Stocks.

### Injury to Servant.

(Decided April 20, 1915. Rehearing denied May 11, 1915.
68 South. 568.)

1. **Master and Servant; Injury to Servant; Complaint.**—Where the complaint averred that the injury was due to a defect in its track, in that the track of said tram road at or near where plaintiff was injured was defective, and further alleging that the defect arose from or had not been remedied owing to the negligence of defendant or some person in its employment and intrusted with the duty, etc., such count was good as against the demurrers, as it is clear to a common intent that the gravamen of the count is the negligence of defendant or its servant to whom was committed the duty of maintaining the tram track in a reasonably safe condition.

2. **Evidence; Opinion.**—Where the action was for injuries to an employee because of a defect in the track of a tram road, the question of what caused the wreck of the tram car was a question for the jury, and was not a proper subject for expert testimony.

3. **Same; Qualification of Witness.**—In such a case, a witness shown to have been working in a mine for nineteen years, with experience in track work and driving, was qualified to state as an expert what, in his judgment, caused the wreck.

4. **Trial; Reception; Specific Objection; Waiver.**—Where a specific objection is interposed to evidence, such as that an expert witness was not shown to be qualified to give an opinion, other objections are waived.

5. **Master and Servant; Injury to Servant; Evidence.**—Where the evidence showed that defendant maintained a track crew to look after and keep in repair a tram track, the fact that some other servant paid for the work done on the track was immaterial to the issue, the action being for an injury to the servant caused by a defective condition of the tram track.

6. **Same; Failure to Discover Defect.**—Notice to defendant of a defect in the tram track, causing injury to the employee, was not essential to the liability of the defendant, and hence, not material to be shown. Negligent failure to discover the defect sustained plaintiff's cause, as well as a negligent failure to remedy the defect when known.

7. **Same; Contributory Negligence.**—Where the servant was guilty of negligence proximately contributing to his injury, and this negligence is appropriately pleaded, it is a complete defense to the master.

8. **Charge of Court; Covered by Those Given.**—A charge asserting that if defendant was negligent in maintaining its tram track, and this proximately caused plaintiff's injury, plaintiff could recover, unless his own negligence also caused the injury, was not erroneous as at most it was merely misleading when standing alone, but was not so when construed with the other given charges.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by James Stocks against the Birmingham Fuel Company for damages for injury while in its employ. Judgment for plaintiff, and defendant appeals. Affirmed.

(This cause was reviewed by the Supreme Court on petition for writ of certiorari, and the certiorari was denied. 193 Ala. 675, 69 South. 1017.—Reporter.)

DAVIS & FITE, for appellant. GUNN & POWELL, for appellee.

BROWN, J.— (1) The case was submitted to the jury on the second count of the complaint, ascribing plaintiff's injury to a defect in the ways, works, machinery, or plant of the defendant, averring the defect to be that "the track of said tramroad at or near where plaintiff was injured was defective," and further alleging: "Which defect arose from or had not been remedied owing to the negligence of the defendant, or of some person in the service or employment of the defendant and intrusted by the defendant with the duty of seeing that the ways, works, machinery, or plant were in proper condition."

When these averments are construed together, it is clear to a common intent that the gravamen of the count is the negligence of the defendant or its servant to whom it had committed the duty of maintaining the tram track over which the plaintiff operated in a reasonably safe condition. By these averments the issue is well defined, and limited to proof of negligence with reference to maintaining the tram track, and under repeated holdings the count was sufficient, and not subject to the demurrers. —*Little Cahaba Coal Co. v. Gilbert*, 178 Ala. 519, 59 South. 445; *Jackson Lumber Co. v. Cunningham*, 141 Ala. 206, 37 South. 445; *St. L. & S. F. Ry. Co. v. Phillips*, 165 Ala. 510, 51 South. 638; *T. C., I. & R. R. Co. v. Smith*, 171 Ala. 251, 55 South. 170; *Pell City Mfg. Co. v. Cosper*, 172 Ala. 535, 55 South. 214; *St. L. & S. F. Ry. Co. v. Sutton*, 169 Ala. 393, 55 South. 989, Ann. Cas. 1912B, 366.

(2) It is not permissible for a witness, although shown to have experience and expert knowledge in maintaining tram tracks, to state his conclusion as to what caused the wreck of the tram car. This was a question for the jury.—*L. & N. R. R.*

*Co. v. Landers,* 135 Ala. 504, 33 South. 482; *Blalack v. Blacksher,* 11 Ala. App. 545, 66 South. 863.

(3, 4) The question, "State to the jury what, in your judgment, caused the wreck," was objectionable, as calling for a conclusion of the witness, but this objection was not urged on the trial. The objection there urged to this question was "because it was not shown the witness was an expert, and no predicate had been laid." The evidence shows that the witness had been working in the mines for 19 years, and had experience in track work and in driving, and therefore the question was not subject to the objection urged against it, and by assigning a specific objection all others were waived.—*A. G. S. R. R. Co. v. Bailey,* 112 Ala. 167, 20 South. 313; *Sharp v. Hall,* 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28.

(5) The evidence shows without dispute that the defendant kept a track crew, whose duty it was to look after and keep the tram tracks in repair, and the fact that some other servant or agent paid for work done on the track could shed no light on the issues.

(6) Notice to the defendant was not essential to liability. If there was a defect in the tram track that rendered its use hazardous, it was the defendant's duty to discover and remedy the defect, and negligent failure to discover was as potent to sustaining the plaintiff's case as negligent failure to remedy; either was sufficient to sustain the cause of action stated in the complaint. Furthermore, the witness stated that he had no notice or knowledge of any defect in the track, and the only insistence made by appellant is that the evidence was admissible to disprove notice of the defect.

(7, 8) It is unquestionably the settled law in this state that in actions of this character, if the plaintiff is guilty of negligence which proximately contributes to the injury, and it is appropriately pleaded, such contributory negligence is a complete defense. —*B. R. L. & P. Co. v. Bynum,* 139 Ala. 391, 36 South. 736; *Southern Ry. Co. v. Arnold,* 114 Ala. 183, 21 South. 954; *Holland v. T. C., I. & R. R. Co.,* 91 Ala. 444, 8 South. 524, 12 L. R. A. 232; *M. & C. R. R. Co. v. Martin,* 131 Ala. 269, 30 South. 827. This rule was clearly recognized in charges 15, 16, and 19, given at the defendant's request by the trial court. Charge 3 given at plaintiff's request, when analyzed, merely asserts that, if the defend-

ant was guilty of negligence with respect to maintaining its tram track, and this negligence proximately caused the plaintiff's injury, then plaintiff was entitled to recover, unless the jury also believed that plaintiff's negligence also caused the injury—that is, contributed to causing it. It is not possible for the negligence of the defendant to have proximately caused the injury, and yet for the plaintiff's negligence to have been the sole cause of the injury; under the circumstances hypothesized, the most that plaintiff's negligence could have done was to have contributed to the proximate cause. This charge was, at most, misleading, and, when considered in connection with the charges correctly stating the doctrine of contributory negligence, it is manifest that no injury resulted from its misleading tendencies.

The result is that there appears to be no error in the record, and a judgment of affirmance will be entered.

Affirmed.