MOLLIE SCHEINER, Appellant, v. METROPOLITAN LIFE INSUR-ANCE COMPANY, Respondent.

First Department, June 17, 1932.

Abraham M. Fisch, for the appellant.

Dean Potter of counsel [Tanner, Sillcocks & Friend, attorneys], for the respondent.

TOWNLEY, J. This is an action to recover the proceeds of an accident policy. The policy insured decedent against the results of bodily injuries sustained directly and independently of all other causes by violent and accidental means. The policy excluded the risk of suicide while sane or insane or of death from any physical infirmity. Death resulted from the taking by decedent of a large quantity of amytal in both tablet and liquid form on the night of June 26, 1931. He was found dead the next morning. He was in the habit of taking amytal to make himself sleep. In no event should more than two tablets be taken and then only under a doctor's orders. These instructions were on the box and must have been known to the deceased. Decedent took substantially the entire box of the tablets and a half a bottle of the liquid.

We would have no difficulty in approving the conclusion reached by the jury in this case were it not for serious error committed in the admissions of the testimony of Doctor Wolfer and Doctor Blalock. These physicians were permitted, over the objection of the plaintiff, to testify to the physical and mental condition of their former patient, the decedent, including suicidal tendencies and threats. This testimony was clearly incompetent and in violation of section 352 of the Civil Practice Act. The substantial issue submitted to the jury was whether the decedent had taken this overdose of amytal accidentally or with suicidal intent, and whether decedent was suffering from some disease competent to produce death which was accelerated by the action of the drug. This incompetent testimony had a direct bearing upon both issues and the error committed in receiving it cannot be overlooked.

Objection is made by appellant to the receipt in evidence of the records of the Hastings Hillside Hospital and the New York Psychiatric Hospital and Institute. These records which describe the deceased's condition were submitted by plaintiff to the John Hancock Mutual Life Insurance Company as part of a proof of claim against that company. The admission of the evidence was objected to on the ground that it was a privileged communication. The trial court admitted the evidence on the authority of *Rudolph* v. *John Hancock Mutual Life Ins. Co.* (251 N. Y. 208). That case held that proofs of death may be received in evidence as admissions of the plaintiff and that as such the privilege rule may not be invoked to bar them. The legal theory is that the evidence is received, not as the declaration of the physician, but as the admission of the party who furnished them. On appeal the point is made that since the admissions were made to the John Hancock Mutual Life Insurance Company and not to this defendant, the privilege was never waived as far as this defendant was concerned. It is also urged that when sent to the

John Hancock Mutual Life Insurance Company they were not sent as part of the proof of death. The record shows that they were sent on request of the insurance company in addition to the proofs made out on the regular insurance company forms. The decision in the *Rudolph* case, though it discusses the fact that in that case the admissions were made on the forms furnished by the insurance company, does not rest upon that ground but rests on the fact that if hospital or doctors' statements are submitted to an insurance company in explanation of a death, they are to be deemed admissions by the party submitting them. If that be true, it seems to be immaterial whether they are on insurance forms or whether they are separate documents.

If such papers must be deemed to be admissions of the party, it follows logically that their effect as admissions does not depend upon any peculiar rule of insurance law but depends upon the law of evidence relating to admissions. It has been held that " in a civil action the admissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever or to whomsoever made." (See *Reed* v. *McCord*, 160 N. Y. 330, 341; *Koester* v. *Rochester Candy Works*, 194 id. 92, 98; 2 Wigm. Ev. § 1057.) Accordingly, no error was committed in the admission of these records.

The judgment accordingly should be reversed and a new trial ordered, with costs to appellant to abide the event.

Finch, P. J., McAvoy, Martin and O'Malley, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.