642

with circuit solicitors, we find: " * * * He shall receive no other compensation than a salary, to be prescribed by law, which shall not be increased during the term for which he was elected."

This court in Ex parte Stone, County Treasurer, 211 Ala. 601, 101 So. 62, approved the decision of the Court of Appeals in Stone, County Treasurer, v. State ex rel. Berney, Judge, 20 Ala. App. 69, 101 So. 58, holding that a special section dealing with this subject as to particular officers governs, rather than the general provisions embodied in sections 68 and 281; that section 150, forbidding a decrease, but not forbidding an increase of judicial salaries, left it open to the Legislature to increase such salaries during the terms of office.

We here have the same proposition.

Section 167 of the Constitution forbids an increase, but does not forbid a decrease in the salary of the circuit solicitors. On the authority of the above case, it follows the matter of a decrease in salary is left open to the Legislature.

Just why solicitors should be singled out and a different provision made from all other officers is not disclosed. That a different rule is prescribed when dealing with this specific subject is apparent from a reading of all these sections.

It is to be recalled that this section 167 worked a constitutional change in the compensation of solicitors from a fee basis theretofore in vogue to a salary basis. Apparently the Legislature was left free to readjust salaries, if found to constitute an undue burden, in view of the fees the solicitors should cause to be turned into the treasury.

Be this as it may, thus the Constitution is written. Courts should uphold it. It follows the repealing act is valid and in force, and the ruling of the trial court is sustained on that ground.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

A. R. Powell, of Andalusia, for appellant.
E. O. Baldwin, of Andalusia, for appellee.

ANDERSON, Chief Justice.

The only point presented for consideration upon this appeal is the refusal of the trial court to grant the defendant's motion for a new trial because the verdict was contrary to the great weight of the evidence.

It has been repeatedly held by this court that where there is a conflict in the evidence, the action of the trial court in refusing a new trial because the verdict was contrary to the evidence, or the great weight of same, the judgment refusing the motion will not be disturbed unless the preponderance of the evidence against the verdict is so decided, as to clearly convince this court that it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The evidence has been read and considered in consultation and we are not prepared to say that the conclusion of the trial court is so contrary to the great weight of the evidence as to warrant this court in setting the same aside, and the judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.

148 So. 411
### SOUTHERN LIFE & HEALTH INS. CO. v. TURNER.
4 Div. 698.

Supreme Court of Alabama.
March 23, 1933.

Rehearing Denied May 25, 1933.

148 So. 398
### BIRMINGHAM NEWS CO. v. LITTLE.
6 Div. 283.

Supreme Court of Alabama.
May 25, 1933.