ROSE POSES, Appellant, v. THE TRAVELERS INSURANCE COMPANY, HARTFORD, CONNECTICUT, Respondent.

First Department, June 20, 1935.

*Jonas J. Shapiro* of counsel [*Poses & Kaplan,* attorneys], for the appellant.

*Bernard J. McGlinn* of counsel [*William B. Crowell* and *William J. Moran* with him on the brief; *William J. Moran,* attorney], for the respondent.

McAvoy, J.   Plaintiff, as the named beneficiary in two indemnity contracts attached to two policies of life insurance, brought this action to recover the sum of $5,000.   The defendant concedes its liability to pay the ordinary death benefits provided for in the life insurance policies.   It disputes, however, any obligation to pay double indemnity under the contracts attached to the policies.

On March 16, 1930, plaintiff's husband, the deceased, was found dead at the wheel of his automobile, which was standing in a private garage at the rear of his home.   The doors of the garage were practically closed.   The motor of the car was warm.   There was no fuel left in the tank, and a sharp odor of carbon monoxide gas was observed.   The deceased had been in the garage for about an hour and a half.

It is the claim of plaintiff that the deceased died solely as the result of poisoning by carbon monoxide gas.   The defendant asserts that the cause of death was myocarditis, or a combination of myocarditis and carbon monoxide poisoning.

The sole issue of fact raised upon the trial of the case is set forth in the following quotation from the charge of the court: " What was the cause of this death?   Was it carbon monoxide alone or was it carbon monoxide and heart trouble or was it heart trouble alone, myocarditis? ".

The jury's verdict was in defendant's favor.   It is not claimed on this appeal that the verdict is against the weight of evidence. Plaintiff's sole contention is that the court erred in allowing defendant to introduce incompetent and prejudicial evidence.

Upon the trial defendant produced, as its witness, the physician who had treated the deceased prior to his death.   The physician had been called on the morning the deceased died, and had examined him.   The record shows that there was much discussion between the family of the deceased and the medical examiner with respect to an autopsy.   The family wished to avoid an autopsy because of their religious beliefs.   If death were caused by carbon monoxide poisoning an autopsy was mandatory.   In order to avoid it, the physician gave to the medical examiner the following affidavit:

" STATE OF NEW YORK, ⎫
   KINGS COUNTY    ⎬ ss.

" Philip Brody being duly sworn, deposes and says: that Morris Poses, the deceased, has been a patient under my care and treatment for the past year. The said deceased was suffering from myocarditis. That the deponent was called this morning and saw deceased at 10:15 a. m. at which time deceased was found lifeless. Deponent states that cause of deceased's death was myocarditis.

                Signed.    PHILIP BRODY, *M. D.* [L. s.] "

When the physician was called to the stand he was asked to identify certain documents which were received in evidence without objection. He was then asked to identify the above affidavit. He did so, and counsel for the defendant thereupon introduced it into evidence. It was received by the court over the objection and exception of plaintiff's counsel.

This affidavit was not part of the proofs of claim furnished to defendant by plaintiff, and consequently its admission cannot be justified on that score. (*Prudential Ins. Co.* v. *Vozzella*, 242 App. Div. 800.) We think that the admission of this paper constituted prejudicial error. It is not only hearsay evidence, but its admission violated section 352 of the Civil Practice Act which prevents physicians from disclosing professional information. The physician was incompetent to testify to most of the matters contained therein. (*Scheiner* v. *Metropolitan Life Ins. Co.*, 236 App. Div. 24; *Rudolph* v. *John Hancock Mutual Life Ins. Co.*, 251 N. Y. 208.)

In our opinion the admission of this affidavit likewise violated the provisions of section 304 of the Civil Practice Act.

The defendant now urges that even if the affidavit was incompetent, its admission was not prejudicial since other evidence introduced without objection covers the same facts. This proposition is true in some instances. (*St. John's College* v. *Ætna Indemnity Co.*, 135 App. Div. 480; *Matter of Adler* v. *Levene*, 191 id. 40; *Nitti* v. *East River Mill & Lumber Co.*, 210 id. 482.) Here, however, the statements in the affidavit bear directly upon the single contested issue of fact in the case. We cannot say that the evidence so overwhelmingly preponderates in defendant's favor that the affidavit was harmless. Plaintiff established circumstances which would normally indicate death by poisoning by carbon monoxide. Plaintiff did not dispute that the deceased suffered from myocarditis. The issue of the cause of death was sharply contested, and the evidence was prejudicial.

Defendant raises the further point that the affidavit is admissible under section 374-a of the Civil Practice Act since it was

made by a physician in the regular course of business. That section was never intended to cover a situation of this type. Furthermore, the section does not make admissible evidence which is otherwise inadmissible.

We conclude, therefore, that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.