## WEINBERG v. TRAVELERS FIRE INS. CO.

United States District Court
S. D. New York.
Nov. 13, 1951.

A. Harold Frost, New York City, for plaintiff.

Powers Kaplan & Berger, New York City, Samuel A. Berger, Irwin Leibowitz, New York City, of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

The defendant moves this Court for an order pursuant to Rules 30(b) and 31(d), Federal Rules of Civil Procedure, 28 U.S. C.A., limiting certain direct interrogatories to be propounded to the witness, William E. Hill & Sons.

The questions concern the authenticity of a certain violin referred to as a J. B. Guadagnini in the certificate of William E. Hill & Sons, dated October 27, 1932. Defendant has moved for a further order directing the elimination of Interrogatory No. 37 on the ground that it is too general, but plaintiff now consents to its elimination. It will be ordered stricken. The major issue raised by the motion remains.

The action has been brought to recover the sum of $3200 for alleged damage to plaintiff's violin which had been insured by defendant. The defendant's answer consists of denials and several affirmative defenses.

One of the most vital items of proof in this case will concern itself with the authenticity of this violin, whether it is truly a Guadagnini. The defense contends the violin was not authentic. The plaintiff bases his case in the main upon a document issued by William E. Hill & Sons of London, England, on October 27, 1932, one of the world's great authorities on violins, plaintiff says. Plaintiff alleges that in 1932 he caused some restorative work to be done by William E. Hill & Sons, in the course of which a thorough examination and inspection of the violin was made. The certificate in issue indicates the type of restorative work performed and contains a description of the violin. Photographs of the violin, both front and back, were attached to the certificate.

The defendant has no objection to the interrogatories insofar as they will be addressed to and answered by the member, or members of the firm of William E. Hill & Sons, who have actual knowledge of the facts surrounding the certification, and the work which led to the issuance of that certificate. Defendant's objection goes to that portion of the interrogatories which seeks information of the certificate, and the facts of its issuance, from employees of William E. Hill & Sons, other than the individuals who actually examined the violin in 1932.

The defendant states that the plaintiff, insofar as his interrogatories are directed to persons who did not examine the violin or certify it, is trying to qualify the certificate as one made in the regular course of business and therefore admissible into evidence. This cannot be done here, defendant says, because the certificate expresses an opinion. It is not evidence of the fact and cannot be received in evidence merely because it was made in the regular course of business. To give its argument strength, the defendant states that it is being deprived of its right of cross-examination.

I think that the defendant has quite lost sight of the fact that this Court is merely dealing with the propriety of certain interrogatories. At this time, the question of the certificate's admissibility is not in issue. The admissibility of that certificate can be best passed upon by the trial court. Indeed, the cases cited by the defendant, upholding the inadmissibility of a document merely expressing an expert's opinion without the facts upon which the information was based, arose in each instance because of an objection to the trial court's ruling on admissibility.[1]

We must not lose sight of the fact that these interrogatories are pre-trial preparations. They are legitimate discovery proceedings. The plaintiff is merely seeking evidence which will, in his opinion, meet the test required by the Federal shop book rule, Title 28, U.S.C. § 1732.[2]

---

1. Moran v. Pittsburgh-Des Moines Steel Co., D.C.W.D.Pa.1949, 86 F.Supp. 255; Masterson v. Pennsylvania Railroad Company, 3 Cir., 1950, 182 F.2d 793; People v. Kohlmeyer, 1940, 284 N.Y. 366, 31 N.E.2d 490; Palmer v. Hoffman, 1943, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645; Poses v. Travelers' Insurance Co., 1935, 245 App.Div. 304, 281 N.Y.S. 126.

2. "§ 1732. *Record made in the regular course of business*

"In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of

It does not follow, ipso facto, from the propounding of the interrogatories, and the answers thereto, that the document will be admissible. That question will still remain for the determination of the trial court. The defendant states that the certificate contains an opinion without the facts upon which it is based. Plaintiff counters and says that there are sufficient facts contained in the certificate to support the opinion. The trial court will make the ultimate determination as to which version is proper, before receiving the document in evidence.

The defendant vociferously urges that its right of cross-examination is being taken away. This is not so, for the defendant has the right to propound cross-interrogatories and if the facts are as the defendant states, the cross-interrogatories will establish that the person through whom the plaintiff seeks to authenticate the certificate of October 27, 1932, is without information on which to base a proper opinion. This may affect its ultimate admissibility. It certainly will have bearing on the weight of the evidence.

Defendant cites Palmer v. Hoffman, 1943, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, as precluding admission of the certificate into evidence, and asserts that the specific interrogatories as indicated above should be eliminated. The Court of Appeals for this circuit in Pekelis v. Transcontinental & Western Air, Inc., 2 Cir., 1951, 187 F.2d 122, certiorari denied 341 U.S. 951, 71 S.Ct. 1020, 95 L.Ed. 1374, clearly points out that the Supreme Court, in the Palmer case, was aiming at the evils of admitting evidence primarily compiled to promote the self-interest of the entrant. The inadmissible evidence there consisted of accident reports made by railroad employees. The Supreme Court ruled that the reports were not entered in the systematic conduct of railroad business. They were primarily for use "in litigating, not in railroading". 187 F.2d at page 129. Judge A. N. Hand, writing for the Court of Appeals, said, in reference to Palmer, 187 F.2d at page 130: "Thus, the opinion stated that the purpose of the act was to 'facilitate admission of records which experience has shown to be quite trustworthy.' 318 U.S. 113, 63 S.Ct. 480. Accordingly, 'the character of the records and their earmarks of reliability * * * acquired from their source and origin and the nature of their compilation' was said to be the test for their qualification under the statute."

In the Pekelis case, the Court of Appeals reversed a lower court which had ordered excluded, in an aircraft death action brought under the Warsaw Convention, certain reports of boards which had been organized by the defendant to investigate the accident.[3] The fact that the reports consisted of opinions of board members as to the cause of the accident and the fact that they were in part derived not from personal observation, but from information supplied by persons under no business duty to report them, did not, in the opinion of the Court of Appeals, make these reports inadmissible. These facts, it was held, went to the weight rather than admissibility of the reports. In considering the admissibility of a record under Section 1732, motive to falsify the record, whether in anticipation of trial or for some other reason, must be negatived. The certificate concerning which the interrogatories seek information appears to have been made by a disinter-

such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.

"All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility.

"The term 'business,' as used in this section, includes business, profession, occupation, and calling of every kind."

3. In three other cases, the Court of Appeals for this Circuit has admitted as a business entry opinions of experts regarding matters within their expert competency. Hunter v. Derby Foods, 2 Cir., 1940, 110 F.2d 970, 133 A.L.R. 255 (coroner's death certificate); Reed v. Order of United Commercial Travelers, 2 Cir., 1941, 123 F.2d 252 (hospital record); Buckminster's Estate v. Commissioner of Internal Revenue, 2 Cir., 1944, 147 F.2d 331 (hospital record).

ested party almost 19 years before the institution of the instant litigation.

The defendant will have ample opportunity by cross-interrogatories to determine whether there were facts upon which the opinion was based, or whether there existed some motive to falsify, or any other evidentiary factors.

It is, therefore, concluded that the order of limitation sought by the defendant with respect to interrogatories Nos. 10, 11, 12, 13, 14, 20, 28, 29, 30, 31, 32, 33, 34, 35 and 36 is denied. The defendant will have ten days after the service of a copy of the order to be entered hereon to serve cross-interrogatories.

Settle order.