73 So.2d 378

MAHONE

v.

BIRMINGHAM ELECTRIC CO.

6 Div. 538.

Supreme Court of Alabama.

May 13, 1954.

Rehearing Denied June 17, 1954.

Clifford Emond, Birmingham, for appellant.

134

Lange, Simpson, Robinson & Somerville and Wm. H. Cole, Birmingham, for appellee.

SIMPSON, Justice.

Appellant sued appellee for personal injuries alleged to have been sustained at a time when appellant, a passenger for hire, was alighting from appellee's bus. Upon the trial below the jury returned a verdict in favor of the defendant and appellant's motion for a new trial having been overruled, he brings this appeal.

In the early stages of the trial certain witnesses for the appellant testified that the bus ran over his hand. The appellant's medical expert, Dr. Nicholson, testified that appellant suffered only a break of the metacarpal bone, i. e., the one proximal to the thumb. Thereupon the following cross-examination of Dr. Nicholson occurred:

"Q. Doctor, assuming a man's hand was on a hard surface or a street, that it came under the rubber tired wheel of a 12,000 pound bus which wheel was moving, would it be your judgment that that would crush a hand or break bones throughout the hand or across the bridge? I guess you call it, of the hand?

"* * * we will assume the hand was flat. A. Well, I would presume that it would cause extensive damage.

"Q. And of course, if it was on its side, I assume there would be a whole

lot more damage, would it not? A. Yes, sir.

"Q. Or if it was in the size (sic) of a fist, there would be more damage? A. Yes, sir."

The appellant duly objected to the foregoing interrogation of Dr. Nicholson on the ground that the question contained elements of fact not in evidence and argues here that the trial court committed reversible error in overruling the objection. The facts hypothesized and not in evidence were the type of wheel ("rubber tired wheel"), the weight of the bus ("a 12,000 pound bus"), and the position of the hand ("flat," "on its side," "in the size of a fist").

■ The rule, of course, is that hypothetical questions should not contain elements of fact not shown by the evidence. Southern Ry. Co. v. Simmons, 237 Ala. 246, 186 So. 566; Prudential Ins. Co. v. Calvin, 227 Ala. 146, 148 So. 837; Zimmern v. Standard Motor Car Co., 205 Ala. 580, 88 So. 743.

■ When this interrogation of the appellant's medical witness took place the appellant had not testified. Later, however, when the appellant took the stand he testified in substance that the outside of the right wheel of the bus hit his hand, that the whole wheel did not run over his hand, but seemed like it "thumped" his hand away from the wheel, "kind of just thumped me, I reckon." Appellant argues that this hypothetical interrogation tended to create an inference that appellant's hand was injured in some manner other than in *coming in contact* with the appellee's bus wheel and was therefore prejudicially erroneous. But we cannot agree with learned counsel. On the contrary, the clear inference, indeed, the direct testimony of appellant was that the bus did not *run over* his hand, that his hand did not *come under* the wheel of the heavy moving bus. Such latter conclusion is strongly corroborated by Dr. Nicholson's testimony that only one bone was in fact broken, whereas had the bus run over the hand greater injury would necessarily have been

done. We are of the opinion, therefore, that the action of the trial court in overruling the appellant's objection to the stated question was harmless and does not warrant a reversal of the case. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

A previously recorded report of an inspection of the vehicle involved in the accident was admitted for the defendant over the objection of the plaintiff. This ruling is assigned as error to reverse. The witness who identified the inspection report did not himself make the inspection and was not present when same was made, but he was the general supervisor of repairs and maintenance. He testified the inspection was made and the record thereof filed in the defendant's regular course of business; that it was the custom and practice of the defendant corporation at the time and for the preceding years to make and keep such a record. Admissibility of the report is to be determined by the provisions of § 415, Title 7, Code 1940, which reads:

"Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible in evidence in proof of said act, transaction, or event, if it was made in the regular course of any business, and it was the regular course of the business to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term, 'business' shall include business profession, occupation, and calling of every kind."

In the case of Alabama Great Southern Ry. v. Baum, 249 Ala. 442, 31 So.2d 366, a report concerning a defective cylinder head was held properly admitted under the terms of the statute. The fact that the court stated that the flagman who gave the

136

preliminary proof as to the report of the condition of the cylinder head also testified that he saw the report made and was familiar with the facts was not intended to qualify the rule of admissibility of records otherwise admissible under said § 415.

The case of Nelson v. Lee, 249 Ala. 549, 32 So.2d 22, cited by appellant in support of his position, is distinguishable from the case at bar in that there the matters of concern were sworn statements made by the defendant giving his version of how the accident occurred, such statements having been made before a coroner in his investigation of a death and made after the accident by someone knowing he would likely be involved in litigation—very properly held inadmissible—whereas in the instant case the report, a routine inspection report, was made three weeks before the accident in the regular course of business by one of defendant's employees.

Appellant in citing the principle of the Nelson case argues in brief that the report contains self-serving declarations and conclusions of the defendant's employees. In the Nelson case, however, the self-serving nature of the admitted statement was specifically called to the trial court's attention, whereas here it was not.

█ Section 415, the business entry exception to the hearsay rule, does not, of course, operate to admit that which would be otherwise inadmissible. Poses v. Travelers Ins. Co., 245 App.Div. 304, 281 N.Y.S. 126, 129; Skoller v. Short, City Ct.N.Y., 35 N.Y.S.2d 68. And opinions circumventing the opinion rule are no more admissible in a memorandum in evidence than they would be in oral testimony. Deal v. Hubert, 209 Ala. 18, 95 So. 349. See also New York Life Ins. Co. v. Taylor, 79 U.S. App.D.C. 66, 147 F.2d 297; U. S. ex rel. Tenn. Valley Authority v. Indian Creek Marble Co., D.C., 40 F.Supp. 811; Revised Business Entry Statutes: Theory and Practice, 48 Col.L.Rev. 920, 930.

█ But upon the facts at bar and the objections interposed, viz., not properly qualified for admission, calls for hearsay evidence, not shown that the witness made

the inspection, we are of the opinion that the trial court cannot be placed in error in admitting the report. Pretermitting decision of whether or not the report did contain objectionable matter, (that is matter violating rules of evidence other than the hearsay rule), the rule is that the assigning of a specific ground or specific grounds of objection is a waiver of all others and the assigning only of the foregoing grounds operated as a waiver of the one here contended for. Alabama Great Southern Ry. v. Bailey, 112 Ala. 167, 20 So. 313; Gulledge v. State, 232 Ala. 209, 167 So. 252; Birmingham Fuel Co. v. Stocks, 14 Ala.App. 136, 68 So. 568.

The other assignments of error with respect to the inspection record are likewise without merit, but do not require special treatment.

The appellant contends that the trial court erred in orally charging the jury that § 1407, City of Birmingham Code, 1944, had no application to the facts in the case. Such ordinance provides in substance that it is the duty of drivers of franchise carriers, when stopping for the purpose of receiving or discharging a passenger at intersections outside the loop area, to stop at the right-hand curb line at such intersection except where there is a safety zone, and in such event it was the duty of the driver to stop adjacent to such safety zone. There was evidence that the scene of the accident was outside the "loop area" of Birmingham; there was also evidence that there was a yellow spot painted on the curb stone to mark the place where the bus was supposed to pull adjacent to the curb line for taking on and discharging passengers; and there was evidence that the operator of the defendant's bus failed to comply with said city ordinance in failing to pull over to the curb.

█ The rule is axiomatic that the violation of an ordinance cannot be the basis of a recovery unless it is the proximate cause of the accident. Newell Contracting Co. v. Berry, 223 Ala. 109, 134 So. 870. Conceding without deciding that the accident would not have occurred but for the violation of the ordinance (i. e., that

had the bus pulled over to the curb as required by the ordinance, the accident would not have occurred for the reason that the banana peeling on which plaintiff slipped while alighting from the bus would not have been at the curb), this fact alone would not satisfy the rule of proximate causation. Such act, i. e., violation of an ordinance, is not the proximate cause of an accident if other acts, for which the defendant is not responsible, intervene between defendant's act and the accident and are the efficient cause of the accident. Hammett v. Birmingham Ry., Light & Power Co., 202 Ala. 520, 81 So. 22. The immediate cause of the plaintiff's injury as respects the admissibility of the ordinance, was claimed to have been the slipping by the plaintiff on a banana peeling lying in the street, causing him to fall and come in contact with the wheel of the bus. (Pages 1, 2 and 35 of Appellant's brief). The rule is that where injury results from an independent, intervening efficient cause, not reasonably to be anticipated, the negligence shown is not the proximate cause of the injury. Louisville & N. R. Co. v. Courson, 234 Ala. 273, 174 So. 474. Upon these principles, we entertain the view that the trial court was not in error in instructing the jury that the city ordinance had no application to the facts at bar.

■ Error is urged in the action of the trial court in orally charging the jury: "If it (the bus) did stop out in the street rather than at the curb as the City Ordinance requires, if he (bus driver) did so stop and used that degree of care which I defined to you and then if the man was hurt solely by reason of stepping on the peeling, that being the sole reason why he was hurt, of course, there could be no recovery." The appellant urges that such was confusing; so considered, this would not constitute error to reverse. Upton v. Read, 256 Ala. 593, 56 So.2d 644; City of Birmingham v. Jackson, 229 Ala. 133, 155 So. 527.

■ The appellant also argues error in the action of the trial court in overruling his motion for a new trial on the ground that the verdict was contrary to the great weight of the evidence. The evidence was in dispute on the question of whether the plaintiff had fully alighted when the driver of the bus started it forward. Certain witnesses stated that the bus did in fact move forward; on the other hand, other witnesses testified that if the bus is in good working order, it cannot move forward with the rear door open. There was also conflicting testimony on the question of whether or not the plaintiff's accident occurred while alighting from the bus in this: there was some evidence that the banana peeling on which the plaintiff slipped was approximately two feet from the curb; there was also evidence that the bus stopped four to five feet from the curb, or that the bus stopped in the middle of the street. The preponderance of the evidence against the verdict is not so decided as to clearly convince this court that it is wrong and unjust and of consequent error to reverse cannot be predicated on said ruling. Southern Life & Health Ins. Co. v. Turner, 226 Ala. 642, 148 So. 411.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.