188 So.2d 559

**Fred Douglas REED**

v.

**W. R. REGAN, as Administrator.**

**I Div. 28.**

Court of Appeals of Alabama.

June 28, 1966.

Jas. J. Duffy, Jr., for Inge, Twitty, Duffy & Prince, Mobile, for appellant.

Richard Bounds, Cunningham, Bounds & Byrd, Mobile, for appellee.

JOHNSON, Judge.

A hit and run automobile accident occurred on January 29, 1959. Mrs. Pearl E. Regan allegedly suffered physical injuries as a result of this accident. A complaint was filed by her on February 24, 1959, to recover damages for such injuries. Mr. W. R. Regan was appointed as administrator of the estate of Mrs. Regan who died since the filing of this suit on January 26, 1962.

The trial occurred on October 21 and October 22, 1964. This is an appeal from the jury verdict entered thereon for appellee on October 22, 1964, in the Circuit Court of Mobile County, Alabama, in the amount of one hundred dollars. The appellee does not contend that the death of Mrs. Regan was a result of this accident.

Count One alleged that John Doe, an agent of appellant, was the operator of appellant's automobile at the time of the accident. More than one year after the accident the complaint was amended by adding Count Two. Count Two alleged that appellant left his automobile unattended while parked on a street; that the automobile had a broken ignition lock; and that John Doe took the automobile and negligently injured plaintiff's intestate.

This amendment does not introduce a new and independent cause of action. The subject matter of both counts relates to the same transaction. Sec. 239, Tit. 7, Code of Alabama, 1940 (Recompiled 1958). Spurling v. Fillingim, 244 Ala. 172, 12 So.2d 740. The added count merely sets up a cause of action on a different legal principle. Sovereign Camp, W.O.W. v. Carrell, 218 Ala. 613, 119 So. 640.

There was no error in denying appellant's motion to strike the amended complaint.

Count Two of the amended complaint attempted to state a cause of action for negligence on the theory that appellant had an automobile with a broken ignition switch; that the automobile was taken by a stranger who is unknown; and that this stranger so negligently operated the automobile that it hit appellee's intestate causing injury to her.

When appellant left his automobile standing and unattended he violated Sec. 27, Tit. 36, Code of Alabama (Recompiled 1958), because of the undisputed fact that the ignition on his automobile was broken and it could not be properly locked. But the violation of a statute cannot be the basis of a recovery unless it is the proximate

cause of the accident. Mahone v. Birmingham Electric Co., 261 Ala. 132, 73 So.2d 378. The record reveals no evidence as to the method used by the stranger in starting the motor. However, if we concede without deciding that the accident would not have occurred but for the violation of the statute, this fact alone would not satisfy the rule of proximate causation. The violation of a statute is not the proximate cause of an accident if other acts for which the defendant is not responsible intervene between defendant's act and the accident and are the efficient cause of the accident. Mahone v. Birmingham Electric Co., supra; Hammett v. Birmingham Ry., Light & Power Co., 202 Ala. 520, 81 So. 22. The immediate cause of the plaintiff's intestate's injury was the negligent operation of appellant's automobile by a stranger. When some independent agency has intervened and been the immediate cause of the injury, the party guilty of negligence in the first instance is not responsible unless at the time of the original negligence the act of the independent agency could have been reasonably foreseen. Louisville & N. R. Co. v. Courson, 234 Ala. 273, 174 So. 474. The acts of the stranger in unlawfully taking the automobile and in negligently operating it are independent intervening efficient causes and could not reasonably have been foreseen by appellant. Sometime before the date of this accident, appellant's same automobile, with the broken ignition, was taken from the same place. It was found the same night. The person who took it was never found or identified. If under these circumstances it could be found that appellant should have reasonably foreseen that his automobile would again be taken, still he could not be held to have reasonably foreseen that the stranger would negligently operate his automobile. We conclude that the trial court committed error in refusing to give the general affirmative charge for appellant under Count Two.

The transcript does not fully comply with Rule 24 of the Rules of The Supreme Court. The front of the first part of the transcript does not contain a correct witness index of the transcript. This rule contributes much to the convenience of the consideration of causes in this court, and should be observed. Green v. Bessemer Coal, Iron & Land Co., 162 Ala. 609, 50 So. 289.

It is not clear from all the evidence that the verdict in appellee's favor rested upon the first count of the complaint. Therefore, for the error in refusing to give the affirmative charge for appellant under Count Two, this cause must be

Reversed and remanded.

PRICE, P. J., and CATES, J., concur in result.